## In re J. E. DE BELLE CO.

## In re ST. JOHNS INS. CO.

(District Court, S. D. Florida, at Jacksonville. February 14, 1923.)

1. **Landlord and tenant ⬳246(1)—Property removed while rent was paid in advance is not subject to lien as property "usually kept on the premises."**

   Rev. Gen. St. Fla. 1920, § 3556, giving a lien for rent upon property of the lessee usually kept on the premises, means property kept there during the period for which the landlord makes his claim for rent, and does not give a lien upon property which was openly removed by the tenant from the premises at a time when there was no unpaid rent due, since the phrase "usually kept on the premises" means, in addition to property actually found there, property ordinarily and customarily located there but temporarily absent therefrom, and cannot be extended to include property permanently removed from the premises.

2. **Landlord and tenant ⬳245—Lien for rent which "may be due" applies only to rent due while goods are on premises.**

   Within Rev. Gen. St. Fla. 1920, § 3556, giving a lien to every person to whom rent may be due, the expression "may be due" gives a lien for the rent which is due and payable at the time and does not give a lien for the rent for the entire period of the lease contract, especially in view of section 3559, which was a part of the same original act and which uses the same expression in authorizing a distress warrant, thereby indicating that the Legislature used that expression to mean only rent which had accrued and become payable when the claim was made.

3. **Landlord and tenant ⬳265(4)—Distress warrant cannot issue until rent has accrued.**

   A distress warrant cannot issue until the rent has accrued; that is, until it has become payable.

In Bankruptcy. In the matter of the J. E. De Belle Company, a corporation, bankrupt. On petition by the St. Johns Insurance Company to revise a decision of the referee denying the claim of petitioner for a lien upon personal property of the bankrupt. Decision of the referee sustained.

Cockrell & Cockrell, of Jacksonville, Fla., for petitioner.

Haley & Heintz, of Jacksonville, Fla., for trustee.

CLAYTON, District Judge. The material facts of this case are without dispute. The St. Johns Insurance Company, the petitioner, leased to the J. E. De Belle Company, a corporation, the bankrupt here, by written instrument signed by both parties, the storehouse known as 119 Laura street, Jacksonville, Fla., for five years from September 1, 1920; the rent being payable in monthly installments, in advance, on the 1st day of each month. The lessee continued in the use of such premises until some time in the month of September, 1921, when it moved with all of its goods, a stock of merchandise, to another place of business in Jacksonville, where it was when the petition in bankruptcy was filed against it on November 23, 1921. The rent for September was paid before the removal. The abandonment of the petitioner's premises was open and with the avowed purpose of permanently surrendering the use thereof, or with no intention to return. The

bankrupt was duly adjudged a bankrupt on April 1, 1922, and the trustee took possession of the goods. The petitioner filed its proof of claim for $2,625 for rent for October, November, and December, 1921, and January, February, March, and April, 1922, crediting thereon $365; that sum being all the rent for 119 Laura street, the leased premises, received from other parties during that period. At the creditors' meeting the goods and fixtures which had been on the premises at 119 Laura street prior to such removal were identified and later sold by the trustee pursuant to an order that the proceeds be held in lieu of the property as to any lien against it. On the objection of the trustee the claim of the petitioner for priority was denied by the referee, and such action is now under review.

The petitioner claims a priority lien on the goods under section 3556 of the Revised General Statutes, 1920, of Florida, which provides that—

"Every person to whom rent may be due, his heirs, executors, administrators or assigns, shall have a lien for such rent upon the property found upon or off the premises leased or rented, and in the possession of any person, as follows:

"(1) Upon agricultural products raised on the land leased or rented for the current year. This lien shall be superior to all other liens, though of older date.

· "(2) Upon all other property of the lessee or his sublessee or assigns, usually kept on the premises. This lien shall be superior to any lien acquired subsequent to the bringing of such property on the premises leased.

"(3) Upon all other property of the defendant. This lien shall date from the levy of the distress warrant hereinafter provided for."

Of course, the scope of this statute can neither be enlarged nor restricted by the court. Was the property sought to be subjected to the landlord's lien such as was "usually kept on the premises"; that is to say, on the premises described in the lease contract, 119 Laura street, within the meaning of the statute? And does the statute fasten a lien on the property before the rent has accrued? The referee answered both questions in the negative.

[1] The merchandise of the bankrupt having been removed from the premises at a time beyond which all rent had been paid, the landlord's claim is for rent for a subsequent period when the goods of the bankrupt were not on the rented premises. No distress warrant as provided by the statute was issued. In the absence of such writ the merchandise was as effectively removed from the operation of the landlord's lien as if the entire stock of merchandise had been sold by the bankrupt during the month of September in the regular course of business.

In referring to property "usually kept on the premises" the statute means the property kept there during the period for which the landlord makes his claim for rent. The language quoted means, in addition to property actually found on the premises, property ordinarily and customarily located there but temporarily absent from the premises. The quoted words of the statute cannot be extended to include property permanently removed from the premises when considered in connection with the claim for rent for a period arising subsequent to the removal. The property here not being on the premises on October 1st,

when an installment of rent became due, nevertheless the statute gave the landlord an immediate summary remedy by distress warrant. The petitioner did not make use of this means for the assertion and protection of his lien, and he thereby lost the right which accrued to him on that date. There was no property on the premises on which the lien could attach on October 1st, or thereafter. And there was no property either on that date or at any time thereafter which could be said to have been property usually kept on the premises.

[2] The words "may be due" of the statute mean rent which might have become due in the future. The context shows that "every person to whom rent may be due" is the proper designation of rent which has accrued. The statute was intended to provide for the case where the landlord has entered into a lease contract, and rent has accrued thereunder, then he shall have a lien for the rent which may be due; that is to say, then payable.

[3] Whether the word "due" means a past-due indebtedness or an indebtedness accruing presently, or an indebtedness to mature in the future, often depends upon the context of the instrument or statute. Here the statute itself must be looked to for the meaning of such word. The part of the statute providing the lien uses the words "shall have a lien for such rent." Plainly "such rent" has reference to the preceding part of the statute; that is to say, to rent which may be due—which may be then due and payable in præsenti. The statute hereinbefore set out is a part of chapter 3131, enacted in 1879. Section 3559 is a part of the same chapter and was enacted at the same time, along with section 3556. This latter section gives the landlord a lien under certain circumstances; and section 3559, together with certain other sections not necessary to be set out, provides a method of putting the lien into operation. Section 3559 more specifically provides for the making by the landlord, or his agent, of an affidavit for distress warrant. It is a familiar rule that a distress warrant cannot issue until the rent has accrued; that is, until it has become payable. If a distress warrant be issued prior to such time, it will be defeated on appropriate plea by the defendant. Notwithstanding that the distress warrant is not issuable except for accrued rent, the Legislature uses the same words as those employed in section 3556, namely, "rent which may be due." The language of section 3559 is that—

"Any person to whom any rent or money for advances may be due, his agent or attorney, executor or administrator, may make and file in the court in the county where the land lies, having jurisdiction of the amount claimed, an affidavit stating the amount or quality and value of the rent due for such land, or the advances, and whether it or they are payable in money, cotton or other agricultural product or thing."

It appears, therefore, that in this statute the Legislature has in effect defined the meaning and intention of the words "may be due" in section 3556. The phrase is conditional in both statutes, and in each it refers to rent which may have accrued at the time when the statute shall be invoked for the relief provided.

It does not appear that the Supreme Court of Florida has passed upon this precise question, and the statutes of other states which have been construed are different from the one now under consideration.

Other states give the landlord a lien for rent; but the conditions, circumstances, and extent of the lien differ. For instance, the Alabama statute (Code 1907, § 4747) provides that—

"The landlord of any storehouse, dwelling house, or other building, shall have a lien on the goods, furniture and effects belonging to the tenant or the subtenant, for his rent, which shall be superior to all other liens, except those for taxes."

This gives the landlord a lien for the rent, but does not use the language "may be due," and makes no reference to property usually kept on the premises. It would seem obvious that the Florida Legislature had no intention of imposing a landlord's lien for rent for the entire period of the lease contract. Apparently, if not undoubtedly, the intention was to give the landlord a lien for accrued rent on all property of the lessee or sublessee found on the premises or usually kept on the premises for the rent which had accrued; and if there was any property remaining on the premises during the unexpired term of the lease and rent due thereupon accrued, the purpose was to give the landlord the right to levy a distress warrant on any property of the lessee wherever found, and thereby give him a lien on that property at the time of the levy. Of course, the landlord had the cumulative remedy of a money judgment on his lien contract.

By the failure of the petitioner to levy a distress warrant on October 1st, or thereafter when additional rent had accrued under the lease contract, the petitioner lost his summary and effective rights under the statute.

Decree will be entered denying the prayer of the petition and sustaining the findings and conclusions of the referee.