MRS. ALICE BLAIR as Administratrix of Estate of J. H. Blair, Deceased, v. J. S. HOWARD, *et al.*

198 So. 80
Division A
Opinion Filed October 11, 1940

*Knight & Knight,* for Appellant;
*Joe Hill Williams,* for Appellees.

BUFORD, J.—The appeal brings for review final decree as follows:

"1. That upon the payment by J. S. Howard of all taxes now due upon the lands described in the bill of complaint and payment to the plaintiff of the interest on the note and mortgage sought to be foreclosed, at the rate of six per cent per annum, from the 26th day of December, A. D. 1937, to the 26th day of December, A. D. 1938, the bill of complaint shall stand dismissed at the cost of the plaintiff.

"2. That the defendant, J. S. Howard, is hereby allowed thirty (30) days from the date hereof to comply with this Order and Decree.

"3. That if the said defendant, J. S. Howard, does not comply with the terms of this Order and Decree within thirty (30) days from the date hereof, the plaintiff, upon proper showing to the court of the non-compliance with this Order and Decree on the part of the defendant, J. S. Howard, may apply to the court for a decree of foreclosure of the mortgage mentioned in the bill of complaint."

Appellant, who was complainant in the court below, filed suit to foreclose a real estate mortgage to secure payment of note in the sum of One Thousand ($1,000.00) Dollars dated December 26, 1928, due one year after date, with interest from date at the rate of ten (10) per cent per annum. The suit was filed on the 15th day of November, 1938. Defendant pleaded in his answer an extension of the maturity of the note. The amended answer alleges:

"These defendants deny each and every the allegations contained in paragraph 4 of the bill of complaint, and allege that the note and mortgage sought to be foreclosed in this cause were, on and prior to the 2nd day of June, 1938, past due and unpaid, and large sums of interest had accumulated thereon, and State and County taxes for several years were also past due and unpaid, and there were outstanding against said property tax sale certificates aggregating large sums of

money, which said tax sale certificates so outstanding greatly reduced the value of the property securing said indebtedness. That the defendant J. S. Howard, being then and there in failing circumstances and wholly unable to pay said indebtedness, informed the said Alice Blair, as administratrix of the estate of J. H. Blair, deceased, that he was not able to pay the principal of the mortgage, and unless he could secure a reduction of interest and an extension of time in which to pay the principal of said note, she would have to take the property for said indebtedness, whereupon the said Alice Blair, as administratrix aforesaid, recognizing and agreeing that the value of the lands pledged for the security of the money represented by said note and mortgage was a great deal less than the principal of the mortgage, the interest thereon, and the large amount of taxes due on said land, stated that she did not want the said property, and for the purpose of avoiding taking said property did further agree with the said J. S. Howard that if he would pay the interest then due on said note and mortgage and would pay the taxes and redeem the tax sale certificates, or otherwise clear said land of said taxes, and thereby re-establish its value, she would reduce the rate of interest on said note and mortgage from ten per cent to six per cent and would extend the time of the payment of the principal sum of said mortgage for a period of five years from the 2nd day of June, 1938. That the defendant, J. S. Howard, in accordance with said agreement, did pay the taxes on said property and did pay the interest on said note and mortgage, but notwithstanding that fact the said Alice Blair, as administratrix of the estate of J. H. Blair, deceased, did, prior to the next interest paying period, institute this suit. That the said J. S. Howard at the time the interest payment period last aforesaid happened and occurred, was and still is able,

ready and willing to pay the interest last due, wherefore the defendants say that in consideration of the premises the plaintiff is estopped from bringing and maintaining this suit."

It does not appear from the record that any assault was made on the sufficiency of this amended answer.

An examiner was appointed to take testimony. The testimony is conflicting as to what transpired between the parties at the time of the alleged agreement for extension of maturity of the note. There is no contention, however, that the debtor agreed to do anything that he was not already bound to do under the terms of the note and mortgage in consideration for the extension agreement. The evidence is insufficient to show with any degree of clarity the terms of the alleged agreement.

The defense sought to be invoked is an affirmative defense and the burden was on the pleader to prove a valid and binding contract for an extension of the note. See American Securities Co. v. Goldsberry, 69 Fla. 104, 67 Sou. 862, 1 A. L. R. 15, and cases there cited; 13 C. J. 590; Masser v. London Operating Co., 106 Fla. 474, 145 So. 79. In the latter case we said:

"It is competent for the parties to contract to enlarge the time of performance, but a promise to extend the time of a payment becoming due under the contract must be founded upon a sufficient consideration." Citing authorities.

And it was further said: "and it is not a sufficient consideration for an agreement to extend the time of payment that the debtor promise to do anything which he is legally bound to do." Citing 21 R. C. L. 12.

The record discloses no proof of a contract which was binding to extend the time of payment of the obligation which was the subject matter of the suit.

It, therefore, follows that the decree appealed from must be reversed with directions that a decree of foreclosure be entered.

It is so ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.