114 So.2d 436 (1959)
INTERNATIONAL SHOE COMPANY, Appellant,
v.
Willard P. CARMICHAEL, d/b/a Carmichael Shoe Store, Appellee.
No. A-376.
District Court of Appeal of Florida. First District.
September 1, 1959.
*437 Truett & Watkins, Tallahassee, for appellant.
Brannon, Brown, Smith & Norris, Lake City, for appellee.
CARROLL, DONALD K., Judge.
The plaintiff-appellant, International Shoe Company, a Delaware corporation, has appealed from a final judgment, entered by the Circuit Court for Taylor County, awarding to the defendant-appellee, Willard P. Carmichael, doing business as Carmichael Shoe Store, $15,003 for damages and costs on his counterclaim against plaintiff.
In its complaint the plaintiff alleged that the defendant owed it $5,318.92 on open account for shoes sold and delivered by it to defendant's store. At the trial the evidence was uncontradicted that the defendant was indebted to the plaintiff in this amount, but there was a conflict as to whether this amount was due and payable when the suit was brought, as hereinafter set forth.
Witnesses for the defendant testified that he and an agent of the plaintiff agreed, when the indebtedness was in the amount of $12,272.51, that if the defendant would pay $8,000, the plaintiff would ship an order for about $2,000 worth of shoes, and that the balance of $4,272.51 could be paid at the rate of $50 a week. The evidence showed that the defendant did pay the $8,000 and had been paying an average of $50 a week when the suit was filed. At the conclusion of the trial the court dismissed the plaintiff's suit without prejudice on the ground that it was prematurely brought, and submitted the case to the jury only on the defendant's counterclaim, which we will take up later in this opinion.
In our opinion, the trial court erred in dismissing the plaintiff's suit. This suit could be legally considered as prematurely brought only if the agreement mentioned, pertaining to the weekly payments, etc., was a valid agreement. Its validity depends upon whether it was supported by a sufficient consideration. We fail to find any evidence of such a consideration in the record. A person's promise to pay what he already owes is not a valid consideration, whether the promise is to pay the whole amount due or to pay in accordance with an installment arrangement, as here. As the Florida Supreme Court recognized in Blair v. Howard, 144 Fla. 421, 198 So. 80, it is not a sufficient consideration for an agreement to extend the time of payment that the debtor promise to do anything that he is legally bound to do. Under this view, the plaintiff's suit was timely brought and the issues of its suit should have been submitted to the jury.
In his counterclaim the defendant alleged that on or about February 1, 1952, an authorized agent of the plaintiff represented that if he would sell in Perry, Taylor County, Florida, shoes manufactured by the plaintiff, the latter would grant him the right to be its exclusive agency in Perry; that he spent large amounts of money in advertising and promoting the sale of the plaintiff's shoes; that, nevertheless, on or about December 2, 1955, the Eagle Department Store of Perry commenced selling the plaintiff's shoes and that the plaintiff, though notified, failed and refused to stop such sales by Eagle.
At the trial the defendant testified that under the alleged agreement for the exclusive agency, he was not obliged to buy any particular amount of shoes from the plaintiff but was permitted also to sell shoes of other manufacturers if he wished. We think that this alleged agreement was void for uncertainty and also void for lack of a sufficient consideration. But even overlooking the point of the agreement's invalidity, we fail to find in the record sufficient evidence to establish the following elements necessary to the defendant's recovery *438 on his counterclaim: (1) that the plaintiff was responsible in any way for the sales by the Eagle Department Store in Perry; and (2) that the damages alleged and proved proximately resulted from any breach of the alleged agreement on the plaintiff's part.
After denying the plaintiff's motion for a directed verdict on the counterclaim, the trial court submitted to the jury the issues in the counterclaim. The jury found for the defendant on his counterclaim and awarded him $15,000 in damages.
We think the court erred in denying the plaintiff's motion for a directed verdict on the counterclaim, in denying its motion for new trial, and in entering the final judgment based on this verdict.
We therefore hold that the judgment appealed from should be reversed, with directions to reinstate the plaintiff's suit and to proceed to a new trial on both that suit and the defendant's counterclaim, in a manner consistent with the views herein expressed.
Reversed with directions.
WIGGINTON, C.J., and STURGIS, J., concur.