### ANDRE, et ux v. FLETCHER, et al.
#### No. 60-4484.

Civil Court of Record, Dade County.

July 29, 1960.

H. Earl Barber, North Miami, for plaintiffs.

Lawrence L. Burger, Miami Beach, for defendants.

HAL P. DEKLE, Judge.

Both sides move for summary final judgment in an action upon defendants' instalment note to plaintiffs, claiming the entire balance due under an acceleration clause, for default in the last payment due June 1, 1960. Exercise of the option to accelerate is by means of filing this action on July 5, 1960. Counsel agree that there is no dispute on the facts and that the cause is to be decided as a matter of law.

Defendants paid the admittedly delinquent June payment to the collection bank which accepted it without condition. Thus the acceptance was even prior to the election to accelerate by way of subsequent suit, so we do not have the problem of whether such acceptance would constitute a waiver of an acceleration previously exercised.

The simple legal question presented is whether an acceptance of a delinquent instalment payment on a note cures the default where it is accepted unconditionally. Clearly it does. Anno. 19 A.L.R. 284. Gus' Baths v. Lightbown (Fla. 1931), 165 So. 300

at page 301 holds — "If this first check for a part of the October 24, 1927, interest was actually accepted by complainant, it would under the general rule in such cases have effected a waiver *to* accelerate the payments." (Emphasis supplied.)

Plaintiffs perceive the question as involving an affirmative defense in which the burden is on the defendants to show a valid and binding contract for an extension of the note in accordance with the holdings in Blair v. Howard (Fla. 1940), 198 So. 80; American Securities Co. v. Goldsberry, 69 Fla. 104, 67 So. 862, 1 A.L.R. 15, and like authorities. Such would be the case if there had not been an unconditional acceptance of the delinquent payment, as in the case of a mere tender. This distinction is drawn in Lightbown, supra. The right to accelerate may be waived by subsequent action and clearly so upon the inconsistent action of accepting a delinquent payment without condition, which is the admitted fact here.

Accordingly, it is ordered and adjudged that plaintiffs' motion for summary judgment is denied and defendants' motion for summary judgment is granted, and that plaintiffs take nothing by their complaint, and that defendants and each of them go hence without day.