McCAIN, Judge.
The defendant lessees, Thelma Lover and Kathleen Dobbs, appeal from a summary final judgment in favor of the plaintiff lessors, Elmer Petko and Ann F. Petko. We affirm.
The appeal raises two points, (1) may distress proceedings be used for accelerated rentals where the terms of the lease contain an acceleration clause, and (2) were all material issues of fact resolved in the pleadings and affidavits filed pursuant to the plaintiffs’ motion for summary judgment. We answer these questions in the affirmative.
The plaintiffs entered into a five-year lease of realty with the defendants for a total sum to be paid in equal monthly installments. The defendants paid the rental installments as they accrued for approximately nine (9) months and then stopped. *12 At the time of the distress proceedings $662.00 in back rent was owed by the defendants to the plaintiffs. The plaintiffs’ affidavit for distress warrant claimed both this back rent and future installments which under the lease were accelerated upon defendants’ default. A distress warrant was issued and attachment effected upon the personalty on the premises. Thereafter a traverse to the distress affidavit was filed by the defendants, admitting the $662.00 delinquency in rent but attempting to avoid liability by alleging an oral agreement between the parties to extend the time for payment. The plaintiffs then filed motion for summary judgment with supporting affidavits stating in essence the same facts contained in the initial distress affidavit and denying the oral modification alleged in the traverse. Defendants’ counter affidavit supported the allegations in their traverse. The trial judge found there to be no genuine issue of material fact and entered summary judgment for the plaintiffs, followed by the summary final judgment appealed.
The lease in question contains an acceleration clause providing in essence that if any rent is in arrears for ten (10) days the unpaid rent for the entire term of the lease shall be considered due and may be collected by distress. While there may be some conflict among the various states as to the validity of an acceleration clause in a lease, we adhere to the principle adopted by the majority considering the question that such a clause is valid and at the option of the lessor, renders the entire rent for the balance of the lease due and payable upon default in payment of any rental installment. The effect is as if the entire rental were payable in advance. Moretti v. Zanfino, 1937, 127 Pa.Super. 286, 193 A. 106; American Seating Co. v. Murdock, 1933, 111 Pa.Super. 242, 169 A. 250. See annotation 128 A.L.R. 750, 752; annotation 58 A.L.R. 300, 304; 3A Thompson on Real Property § 1306. In the case before us, therefore, it became the right of the plaintiffs upon the default of the defendants to invoke the acceleration clause, causing the rent for the balance of the lease to become due at once.
The rent having been accelerated and therefore due and payable, we are squarely faced with the question of whether the entire sum or only the back rent is a proper subject for distress proceedings under F.S. Section 83.11, F.S.A.1965, which in pertinent part states:
“Any person to whom any rent or money for advances may be due, his agent or attorney, executor or administrator, may make and file in the court in the county where the land lies, having jurisdiction of the amount claimed, an affidavit stating the amount or quality and value of the rent due for such land * *
The statute affords the remedy of distress where any rent may be due. In our instance there is no doubt the rent for the balance of the lease became immediately due and payable under an express provision of the lease. It follows that the remedy of distress extended to the entire sum due.
Even though this exact issue apparently has not been expressly ruled upon in Florida, several cases lend support to our conclusion. In discussing Florida distress procedures a federal court concluded that the phrase “may be due” meant rent “which may be then due and payable in praesenti,” or due at the time the proceeding was initiated. In re J. E. De Belle Co., D.C.S.D.Fla.1923, 286 F. 699, 701. It is apparent that the court was indicating that the landlord’s lien, F.S. Section 83.08, F.S.A., and distress proceedings were available only for rentals accrued to the time of institution of the distress proceeding and not for unmatured rent installments yet to fall due. With this statement we agree. It is clear, however, that the federal court was not faced with the effect of an acceleration clause, whose invocation results in the future rent becoming due and payable in praesenti and therefore within the contemplation of the distress procedure.
*13 That the landlord’s lien and distress proceedings encompass rents accruing through an acceleration as well as those accruing by the passage of time alone has been tacitly recognized. Frank v. Pioneer Metals, Inc., Fla.App.1960, 121 So.2d 685; Willscott, Inc. v. Ullman, Fla.App.1960, 117 So.2d 856. In Ullman, because of a peculiarly worded acceleration clause, the court found that only rent from the month next ensuing would be accelerated rather than the entire remaining rent. But the court approved distraint for that limited accelerated amount. In Frank, even though it was found that the lessor did not have the right to accelerate the rent for the balance of the lease, her good faith affidavit for distress for the accelerated amount was held sufficient to give the circuit court jurisdiction to dispose of the cause.
To put the issue beyond peradventure we hold that the right to distrain for rent for the balance of a lease arises upon the happening of the accelerated maturity.
Passing now to the second point we conclude that no genuine issue of any material fact existed and that entry of summary judgment was proper. Even though the trial judge did not set forth his findings in this respect, nevertheless, the record supports his action. The defendants through their traverse and affidavit admitted their arrearages but attempted to avoid the default and subsequent acceleration by alleging an oral agreement to extend the time for making the rental payments. They did not question the operation of the acceleration clause itself; rather they only attempted to challenge the existence of a' default in payment such as would cause acceleration. No consideration for the agreement was alleged, however, and a gratuitous parol promise by a lessor to extend the time for payment of rental installments cannot be enforced. See Blair v. Howard, 1940, 144 Fla. 421, 198 So. 80; International Shoe Company v. Carmichael, Fla.App. 1959, 114 So.2d 436. Defendants were asserting the extension of time and incurred the burden of proof on the issue. Blair v. Howard, supra. Their traverse and affidavit do not adequately put at issue the existence of an enforceable agreement to extend the time for payment. Their allegations of gratuitous promises by plaintiffs to forego their rights are not germane to the issues raised .and may therefore be disregarded. This leaves defendants’ admission that $662.00 rent was unpaid. The propriety of acceleration upon a default was not disputed, and consequently there were no genuine issues of material fact to be tried and the court .was correct ini entering summary judgment for the plaintiffs.
Accordingly, the judgment is affirmed.
WALDEN, C. J., and TEDDER, GEORGE W., Jr., Associate Judge, concur.