ORFINGER, Chief Judge.
The issue on appeal is whether an action filed on May 27, 1982, to enforce payment of a promissory note under seal, dated March 1, 1961, and payable in full on or before March 1,1966, is barred by the applicable statute of limitations. The trial court entered judgment on the note. We reverse.
Pursuant to the terms of a property settlement agreement incorporated into a final judgment of dissolution of marriage, appellant gave appellee a promissory note under seal in the sum of $3,000. Although not delivered to appellee until September 30, 1964, the note was dated March 1, 1961, as required by the judgment of dissolution, and was payable in full on or before five years after date. Suit was filed on the note on May 27, 1982, and among other affirmative defenses, appellant alleged that the action was barred by section 95.11(2)(b), Florida Statutes (1981). Appellee’s reply to the affirmative defenses was a general denial. Nothing was pleaded which, if proved, would avoid the effect of the affirmative defenses.
Appellant contends that the note is unsealed and that the applicable limitation period is five years as of the filing of the action, and was also five years when the note was issued, thus barring the action. Appellant is incorrect in his assertion that the note is unsealed, because a seal appears immediately after his signature, so the note is clearly a sealed instrument, but this erroneous assertion does not affect the result here.
Prior to January 1, 1975, and at the time the note in question was delivered, the limitation period for an instrument in writing under seal was 20 years. Section 95.11(1), Florida Statutes (1973). Effective January 1, 1975, section 95.11 was amended so as to eliminate from section 95.11(1) the reference to sealed instruments, thus making section 95.11(2)(b) effective as to a legal or equitable action on an obligation founded on a written instrument. The limitation period is five years. Chapter 74-382, Laws of Florida 1974. Section 95.022 was added to provide a saving clause; viz,
Effective date; saving clause. — This act shall become effective on January 1,1975, but any action that will be barred when this act becomes effective and that would not have been barred under prior law may be commenced before January 1, 1976, and if it is not commenced by that date, the action shall be barred.
Appellant correctly states that this case is governed by the case of Carpenter v. Florida Central Credit Union, 369 So.2d 935 (Fla. 1979), where the supreme court held that the amendment to chapter 95 effective January 1, 1975, was intended to have retroactive effect, as reflected by the savings provision of section 95.022, extending the right to sue on any instrument affected by the amendment until January 1, 1976. This action not having been filed by that date, it is barred by section 95.11(2)(b), Florida Statutes (1981), which is now applicable.
Appellee argues that the action is based on the judgment of dissolution, but that is obviously incorrect. The final judgment required appellant to execute and deliver a promissory note, and although it took several contempt citations to make him comply, he eventually delivered the note. The action here was a suit to collect a promissory note, as indicated by the complaint. As such, it is barred by the statute of limitations.
We have no transcript of the trial proceedings because apparently the proceed *378 ings were not reported. Neither has there been any effort made by either party to cause a record of the proceedings to be made as provided by Florida Rule of Appellate Procedure 9.200(b)(3). With no pleading that attempts to avoid the affirmative defense, with no finding by the trial court that the statute of limitations was tolled, we are required by the record before us to conclude that the action is barred.
The final judgment is reversed with directions to enter judgment for appellant.
REVERSED.
DAUKSCH and SHARP, JJ., concur.