PARIENTE, Judge.
Appellant, the former wife, unsuccessfully sought to enforce payment of alimony and child support arrearages owed by appellee, her former husband, pursuant to a domesticated Connecticut judgment. We reverse because the parties’ purported modification of the obligation to pay alimony lacked consideration. We also reverse the trial court’s failure to award the wife past-due alimony payments, unpaid medical expenses for the minor child prior to her majority, a proportional share of the minor child’s college expenses and the failure to award any attorney’s fees to the wife.
LACK OF CONSIDERATION FOR MODIFICATION
The pertinent provision of the Connecticut judgment concerning alimony required the husband to pay the wife the amount of $1,700 per month for a five year period between January 15, 1985 and January 15, 1990 and $1,200 per month from February 15, 1990 through January 15, 1991. The Connecticut judgment additionally provided that:
[T]he intent of this agreement is that the payments be considered alimony, that they be for a period of six (6) years, that the amount and duration of payment be non-modifiable, and that payment be made in cash and that no substitute payment be required.
The husband, who was employed by Pratt & Whitney in Saudi Arabia between 1983 and 1991, contends that this portion of the judgment was subsequently modified by the parties and that pursuant to the modification, he made payments of $1,200 per month rather than $1,700 per month. The husband testified that he presented the modification to the wife on a “take it or leave it basis.” The wife denied assenting to any modification, although she did accept the reduced monthly payments. The trial court determined that the parties had agreed to a subsequent modification of the judgment. The primary question on appeal is whether the purported modification is unenforceable because it lacked consideration.
We do not find any support in the record for the husband’s contention that his subsequent agreement to have the reduced amount remitted directly to the wife by his employer constituted a legally cognizable detriment under the facts of this case. A party’s promise to pay a sum which he or she is already obligated to pay, whether as a lump sum or in accordance with an installment plan is not valid consideration. See International Shoe v. Carmichael, 114 So.2d 436 (Fla. 1st DCA 1959).
The husband had raised by affirmative defense that the modification agreement was entered into by the wife for the valid consideration of the husband’s forbearance from an appeal of the Connecticut judgment or from an action for modification. However, the husband presented no evidence to support this defense at trial and did not argue this basis as grounds for a finding of valid consideration to the trial court or on appeal.
We have failed to discover any evidence in the record to support a conclusion that the husband gave up any rights or suffered any legal detriment in exchange for the wife accepting a reduced alimony payment when he was already legally obligated to pay the full amount. Accordingly we find the modification unenforceable based on lack of consideration.
OTHER PAST-DUE PAYMENTS
Even if the modification agreement had been valid, the record is undisputed that the husband failed to make all payments due before the date of the modification, in particular the payments of $1,700 per month from October 15, 1985 through March 15, 1986. On remand the trial court should enter judgment in favor of the wife for the sum of all unpaid alimony amounts, offset by any over- *642 payments which the husband may have made. The statute of limitations does not apply to enforcement of past-due alimony, Popper v. Popper, 595 So.2d 100 (Fla. 5th DCA), review denied, 602 So.2d 942 (Fla.1992), and the facts of this case do not support the equitable defenses of laches or es-toppel as a bar to the wife’s recovery. See Stephenson v. Stephenson, 52 So.2d 684 (Fla.1951); Popper.
The husband concedes that he did not make an additional ten thousand dollar ($10,000) property settlement payment for which he was obligated under the terms of the Connecticut judgment, but contends that his obligation to make this payment is time-barred by the statute of limitations. Actions to enforce property settlements, unlike alimony or child support obligations, may become time-barred if not brought within the applicable statute of limitations. See Frazier v. Frazier, 616 So.2d 575 (Fla. 2d DCA 1993); Maiden v. Cogdill, 428 So.2d 376 (Fla. 5th DCA 1983). However, the husband’s undisputed absence from this country until 1991 tolled the running of the statute of limitations. § 95.051(l)(a), Fla.Stat. (1993). Upon the husband’s return to this country, the wife brought this action for enforcement and thus, her claim for the past-due payments is not time-barred.
MEDICAL EXPENSES
During the time the husband was in Saudi Arabia, the wife incurred certain medical expenses for the parties’ minor child, which had not been paid under any health insurance policy. Pursuant to the Connecticut judgment, the husband was obligated for 50% of all unreimbursed medical expenses before the minor child reached the age of majority, but not for unreimbursed medical expenses after the child reached the age of majority. Accordingly the trial court should have awarded these expenses to the wife.
COLLEGE EXPENSES
The husband’s responsibility for payment of a portion of the child’s college expenses presents a different problem. The Connecticut judgment expressly provided:
[T]he parties have agreed that each shall pay for the expenses of the minor child’s college education in accordance with their respective financial resources. College education means full time four year course at an accredited institution of higher education of her choice. The minor child need not complete four' successive years but neither party shall have any obligation after her age of 25 years. Costs shall include tuition, room, board, and a reasonable amount for other expenses and transportation. (Emphasis supplied).
The trial court found that this language did not “create an obligation on the part of either party, but rather it is a statement that each of them has an obligation as to their respective financial resources.” We disagree. The final judgment, which references the parties’ agreement, clearly creates a legal obligation dependent only on factual determinations by the trial court as to the amount of the college expenses and the respective financial resources at the time that the college expenses were incurred. Compare Madson v. Madson, 636 So.2d 759 (Fla. 2d DCA 1994). Under the terms of the Connecticut judgment, the husband is obligated to pay to the wife a proportional share of the minor child’s college expenses. We therefore reverse on this point and remand for a determination by the trial court of the respective financial resources of the parties at the time that the obligation was incurred.
ATTORNEY’S FEES
We lastly address the issue of attorney’s fees. The trial court did not award any attorney’s fees to the wife, and did not explain its reasons for denying fees. We find that this failure to award the wife any attorney’s fees constituted an abuse of discretion considering the husband’s significantly superior financial resources as documented in the record before us.
CONCLUSION
In summary, we reverse the final judgment which did not award the wife any past-due payments and remand for the trial court to award the sum of past-due alimony arrear-ages offset by any overpayment, the payment *643 of $10,000 which the husband has been obligated to pay since 1986 and 50% of the documented unreimbursed medical expenses of the child before she had reached the age of majority. We further remand for the trial court to consider an award of a proportional share of the minor child’s college expenses in accordance with the respective financial resources of the parties at the time that the expenses were incurred. Lastly, we remand for a determination of the amount of attorney’s fees to which the wife is entitled.
REVERSED AND REMANDED.
STONE and SHAHOOD, JJ., concur.