972 So.2d 891 (2007)
Reva DAVIDPUR as Personal Representative of the Estate of Alex Kleiman, Appellant,
v.
Esther COUNNE, Appellee.
No. 3D06-2035.
District Court of Appeal of Florida, Third District.
October 17, 2007.
Rehearing and Rehearing Denied January 30, 2008.
Broad and Cassel and Beverly A. Pohl, Fort Lauderdale, and Gary E. Lehman, Miami, for appellant.
Dienstag, Blanco & Cox and Mark Dienstag, Miami, for appellee.
Before WELLS and SUAREZ, JJ., and FLETCHER, Senior Judge.
Rehearing and Rehearing En Banc Denied January 30, 2008.
SUAREZ, J.
Reva Davidpur, as Personal Representative of the estate of Alex Kleiman, appeals a final judgment in favor of the defendant, Esther Counne, in a foreclosure action. We reverse. Counne defaulted under the note, but failed to present evidence of additional consideration to support her defense that the note had been orally modified to allow her to postpone payments.
In 2003, Esther Counne executed a note and mortgage to refinance two residential *892 properties owned by Counne on Miami Beach. The mortgage provided that Kleiman, the mortgagee, was not obligated to accept a late payment and could institute foreclosure proceedings after notice and demand. The note provided that all amendments or modifications be in writing and provided a right to foreclose with no right of reinstatement or cure. As of May 2, 2004, Counne was in default on her payments under the note and mortgage. Alex Kleiman died, and Davidpur, as Personal Representative of Kleiman's estate, sued Counne under the acceleration clause of the note for $159,007.00 plus interest, costs and attorney's fees. At the non-jury trial, Counne testified that on June 25, 2004, she had a conversation with Kleiman wherein he stated she could hold off on the monthly payments and pay him when she sold the property. Three weeks after this conversation, Kleiman had his attorney send a demand letter notifying Counne that he was accelerating the payments under the note. She denies receiving the letter until some time in August. The trial court found that, although non-payment as of June 2004, had been established, Counne was excused from payment because an effective oral modification had been entered into which postponed payment until the property was sold.
Davidpur contends on appeal that there was no effective oral modification because there was insufficient evidence of consideration to support the modification. Counne argues that an oral modification of the contract was permissible and that her reliance on the modification was sufficient consideration.
We agree with the appellant. Under Blair v. Howard, 144 Fla. 421, 198 So. 80, 81 (1940), a promise to extend the time for payment due under a contract must be founded upon sufficient consideration. "[A] promise to extend the time of a payment becoming due under a contract must be founded upon a sufficient consideration. . . . [I]t is not a sufficient consideration for an agreement to extend the time of payment that the debtor promises to do anything which he is legally bound to do." Blair, 198 So. at 81. Even if Kleiman had agreed to extend the time for payment, Counne presented no evidence at trial of any additional action she promised to do as consideration for the modification which she was not already bound to do. In light of these facts, Counne failed to prove her affirmative defense that there was a binding oral contract to modify allowing her to postpone payments. Since Counne has not demonstrated sufficient record evidence of equitable consideration or estoppel, other than that which she was obligated to do in the first instance under the contract, we reverse the final judgment in favor of Counne in the foreclosure action. See Blair v. Howard, 198 So. at 80; Larsen v. Allocca, 187 So.2d 903 (Fla. 3d DCA 1966); see also Cohen v. Mohawk, Inc., 137 So.2d 222 (Fla.1962); Card v. Commercial Bank, 119 So.2d 404 (Fla. 1st DCA 1960).
Reversed.