SCHWARTZ, Senior Judge.
The appellant appeals from a twelve year sentence for organized fraud under Section 817.034(4)(a)(l), Fla. Stat., committed pursuant to a scheme to defraud Miami-Dade County by purloining gasoline stocks at the International Airport. The sentence was imposed pursuant to a cooperation agreement in which the Schneir agreed to testify truthfully against his co-defendants in return for a guilty plea to the first degree felony, the dropping of other charges, and the imposition of a two-year sentence. If he violated the agreement, however, he could be sentenced up to the maximum of thirty years although the prosecution was free to recommend a lesser sentence. Although it is undisputed that he materially breached the agreement by repeatedly lying under oath in his pretrial deposition, Schneir contends on appeal that he was nonetheless entitled to receive the two years on the assertion that the contract was modified to his benefit by *137 “mutual agreement” with the State if, as he did, he thereafter testified for the State at trial.[1] Applying the principles of contract law which are applicable to the issue, see State v. Frazier, 697 So.2d 944, 945 (Fla. 3d DCA 1997), we find no merit to this contention, which amounts to the unacceptable claim that he was entitled to the same lenient sentence whether he violated the contract or not — that, in other words, no bad deed should go unrewarded.
Simply put, the alleged “modification” is, for a variety of reasons, ineffective as a matter of law:
First, it is clear that the parties, the defendant and the State, never came close to a meeting of the minds as to the terms of the modification — thus rendering the “contract” relied upon not only “unenforceable,” but in reality not a contract at all. In the case of the prosecution in particular, its alleged representation, upon which Schneir relies on appeal, that he would be given “one last chance” if he testified, falls far short of a binding undertaking for a two year sentence.[2] See 11 Fla. Jur.2d Contracts §§ 19, 22, 23, 207, 227 (2003). See O’Neill v. Corp. Trustees, Inc., 376 F.2d 818 (5th Cir.1967); Robbie v. City of Miami, 469 So.2d 1384 (Fla.1985). The fact that he may have unilaterally intended or thought that if he testified at the trial he would receive the two years is plainly insufficient.[3] Gendzier v. Bielecki, 97 So.2d 604, 608 (Fla.1957) (“The making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs — not on the parties having meant the same thing but on their having said the same thing.”) (citations omitted).
Second, even if an understanding that the State would, in essence, forgive the breach had been established, any such promise would have been unenforceable. This is because, like an initial contract, a modification or novation requires lawful consideration for its validity. See Newkirk Construction Corp. v. Gulf County, 366 So.2d 813 (Fla. 1st DCA 1979); 11 Fla. Jur.2d Contracts § 207 (2003). The only performance, however, even allegedly required of him by the “modification” was that Schneir testify truthfully at the trial. But he was obligated to do just that by the express terms of the original contract he had already broken — as well as by the obligation imposed on any citizen. It is well settled that a promise to perform what one is already required to do by an *138 existing contract or otherwise is not valid consideration. F.L. Stitt & Co. v. Powell, 94 Fla. 550, 114 So. 375 (1927); Slattery v. Wells Fargo Armored Service Corp., 366 So.2d 157 (Fla. 3d DCA 1979); 11 Fla. Jur.2d Contracts § 89 (2003). As we have recently held, this rule applies directly to a purported modification or novation. See Davidpur v. Counne, 972 So.2d 891, 892 (Fla. 3d DCA 2007) (“Counne presented no evidence at trial of any addition action she promised to do as consideration for the modification which she was not already bound to do. In light of these facts, Counne failed to prove her affirmative defense that there was a binding oral contract to modify....”); See also Blair v. Howard, 144 Fla. 421, 198 So. 80, 81 (1940).
We find no merit in the other arguments presented.
Affirmed.

. Although his testimony was severely challenged by his co-defendants during cross-examination on the ground, among others, that he had already admitted to perjury in his deposition, they were found guilty by the jury.

. In any case, the "last chance” promise was fulfilled when the State recommended, and Schneir received, twelve years rather than the thirty he faced under the contract.

. In fact, it is highly doubtful that even this is true. As Schneir testified, when cross-examined at trial:
Q: Mr. Schneir, you plead [sic] guilty in this case, right?
A: Yes, I did.
Q: Do you have a plea agreement?
A: Yes.
Q: And do lies help you in this case?
A: No.
Q: As a matter of fact, what do lies get you
in this case?
A: Worse off.
Q: And the more lies you tell, what happens?
A: The worse it gets.
Q: Have you been sentenced yet?
A: No, I have not.
[[Image here]]
Q: What do you fear is going to happen?
A: I could get the 30 years/
Q: But why would you get the 30 years?
A: For lying.
(Supplemental Record, transcript pages 2101-2102).