[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11354
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 19, 2011
JOHN LEY
CLERK

D. C. Docket No. 9:10-cv-80188-DTKH

REGIONS BANK,
an Alabama banking corporation,
successor by merger to AmSouth Bank,

Plaintiff-Appellee,

versus

OLD JUPITER, LLC,
a Florida limited liability company,
DILIP BAROT,
an Individual,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 19, 2011)

Before BARKETT, MARCUS, and BLACK, Circuit Judges.

PER CURIAM:

Appellants, Old Jupiter, LLC and Dilip Barot, allege the district court erred when it granted summary judgment in favor of Regions Bank. Specifically, Appellants assert the district court erred by (1) excluding oral representations when interpreting the Loan Documents, (2) concluding Appellants' affirmative defense of equitable estoppel was precluded by the terms of the Note, (3) improperly applying the law governing oral modifications, and (4) not vacating its judgment and allowing Appellants to amend their pleadings based on new evidence. After review, we affirm.[1]

## I.

Appellants argue the court erred by not considering oral representations made by Regions Bank that (1) the Note would mature in three years, and (2) the Note would mature in one year, but at maturation, the bank would renew it or term it out. Appellants also assert the agreement is incomplete because the Note does not contain an integration clause and contend parol evidence should be admitted. Under the fraudulent inducement exception to the parol evidence rule, courts allow admission of oral misrepresentations which allegedly induced the execution

---

[1] The grant or denial of summary judgment is reviewed *de novo*. *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 834 (11th Cir. 1998). The denial of a motion for reconsideration is reviewed for abuse of discretion. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 842 (11th Cir. 2008).

of a written contract, even if the statements change the agreement. *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1309-10 (11th Cir. 1998). The exception does not apply where oral representations directly contradict the express terms of the agreement. *Ungerledier v. Gordon*, 214 F.3d 1279, 1284 (11th Cir. 2000).

The Note unambiguously provides the maturity date on which the full amount owed was due. Even in an agreement without an integration clause, parol evidence is only admissible to prove fraudulent inducement when it does not directly contradict the terms of the agreement. *See Ungerledier*, 215 F.3d at 1285. Appellants sought to introduce parol evidence which directly contradicts the maturation provision. Thus, the district court did not err by not considering the parol evidence.

II.

Second, Appellants assert Regions Bank is estopped from enforcing the maturity date of the Note because Regions Bank promised Barot if he signed the Loan Documents, Regions Bank would allow Old Jupiter additional time to pay back the Note. However, where statements are inconsistent with the definite terms of the parties' written agreement, a party cannot prove justifiable reliance. *Advanced Marketing Systems Corp. v. ZK Yacht Sales*, 830 So. 2d 924, 928 (Fla. 4th DCA

2002). As noted above, the statements on which Appellants rely are inconsistent with the express terms of the Loan Documents. Therefore, the district court did not err by rejecting Appellants' equitable estoppel defense.

III.

Appellants next argue the district court improperly concluded the Appellants offered no consideration sufficient to enter into a new contract or to modify the existing one. We decline to consider this argument because Appellants did not properly raise the issue of oral modification in their Complaint. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Even if Appellants had properly raised this defense, it would fail because Appellants have not provided sufficient evidence of valid new consideration. *See Schneir v. State*, 43 So. 3d 135, 137-38 (Fla. 3d DCA 2010).

IV.

Lastly, Appellants assert new evidence from the post-hearing deposition of an employee of Regions Bank, Douglas Gintzler, requires the district court to reconsider its judgment. To prevail on a motion for reconsideration, the moving party must present new facts or law of a strongly convincing nature. *Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1276, n.2 (11th Cir. 2005). Courts properly deny motions for reconsideration which "raise arguments which could, and should, have

4

been made before the judgment is issued." *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990)(citation omitted).

In the present case, Appellants provided the court with an affidavit from Gintzler at the summary judgment hearing, evidence that Appellants knew the value of his testimony. Further, Appellants had sufficient opportunity to take Gintlzer's deposition prior to the hearing. The district court did not abuse its discretion when denying Appellants' motion for reconsideration.

**AFFIRMED.**