ZEHMER, Judge.
Appellants, defendants below, appeal an “Order Granting Plaintiff’s Motion for Partial Summary Judgment.” We dismiss the appeal for lack of jurisdiction.
Peoples First Financial Savings and Loan Association filed a complaint against appellants seeking to collect the accelerated principal and interest due on a $1,424,500 promissory note and separate guaranty agreements executed and delivered by appellants. Appellants filed a counterclaim demanding compensation for damages to their credit and business reputations in the community. The counterclaim also sought reformation of the promissory note and guaranty agreements on the ground that at the time the note and guaranty agreements were executed, the mutual intent of the parties was that in the event of a default, Peoples would look first to the real estate that secured payment of the debt and would not seek recovery against them individually unless there should be a resulting *405 deficiency. Peoples filed a “Motion for Partial Summary Final Judgement” on its complaint and, later on, a “Motion for Partial Summary Final Judgement as to Defendants’ Counterclaim.” As grounds, these motions alleged that any allegation of an oral agreement or mutual mistake would require oral testimony contrary to the statute of frauds and the parol evidence rule. The trial court denied Peoples’s motion for partial summary final judgment, reasoning that based on the evidence presented to it at that time, it could not resolve by summary judgment the issue of whether the verbal agreement is shown by evidence that is “clear, precise, and indubitable.” Peoples subsequently filed a renewed “Motion for Summary Final Judgement,” alleging that after entry of the previous order, it took depositions of appellants that show that the only “evidence” of the oral agreement is the appellants’ own testimony, and that this testimony is insufficient as a matter of law to satisfy the “clear, precise, and indubitable” test necessary to overcome the bar of the parol evidence rule. The court granted the motion, ruling that:
1. Since this Court’s earlier order of March 26,1991, denying partial summary judgment in favor of the Plaintiff, the parties have engaged in additional discovery to determine if there is any other evidence to support the verbal agreements alleged in paragraphs 2, 3, and 4 of the affidavit of the Defendant, Fred M. Webb. The deposition of the Defendant, Fred M. Webb, dated May 3, 1991 confirms that the only evidence to support the oral agreement is the testimony of the Defendant, Fred M. Webb. There is no independent proof of this oral agreement and the documents do not support such an agreement. As pointed out in Plaintiff’s memorandum, the deposition testimony of Defendant, Fred M. Webb, does contain conflicts with his affidavit as to if the agreement was to forebear [sic] collection against Fred M. Webb Properties only and his awareness that the documents contained inconsistent terms with the alleged oral agreement but that he relied on his oral understanding in lieu of the written documents. There is a further discrepancy in the affidavit of Mr. Webb and his deposition as it pertains to being able to pay the delinquent payments.
Based on these ambiguities and lack of independent proof, the Defendants do not have clear, precise and indubitable evidence of a contemporaneous oral agreement which induced the execution of a written contract sufficient to make the parol evidence of the Defendant, Fred M. Webb, admissible to prove the agreement. See: Mallard v. Ewing, [121 Fla. 654] 164 So. 674 (Fla.1935).
Appellants appeal this order on the authority of rule 9.130(a)(3)(C), Florida Rules of Appellate Procedure.[1] We conclude that the order does not satisfy the jurisdictional requirements for appeal to this court for two reasons.
First, the partial summary judgment must minimally satisfy the requirements for partial summary judgment orders set forth in rule 1.510, Florida Rule of Civil Procedure. Rule 1.510(d) provides that if summary judgment is not rendered upon the whole case or for all the relief asked, and a trial or the taking of testimony and a final hearing is necessary after examining the pleadings and evidence and determining whether material issues of fact remain to be decided, the court:
... shall thereupon make an order specifying the facts that appear without substantial controversy including the extent to which the amount of damages or other *406 relief is not in controversy and directing such further proceedings in the action as are just.
The order entered in this case obviously fails to comply with this requirement.
Second, the partial summary judgment did not decide the issue of liability in favor of a party requesting affirmative relief, as required by rule 9.130(a)(3)(C)(iv). The order decides the issue of liability neither in favor of Peoples on its complaint nor in favor of appellants on their counterclaim, but merely determines that the parol evidence rule bars the admission of evidence of any contemporaneous oral agreement that induced the execution of the written contract. At best, the order rules against appellants on their counterclaim for reformation.
Appellants request that in the event this court determines that it lacks jurisdiction to review the order granting the motion for partial summary judgment, this appeal be treated as a petition for a writ of certiorari to review that order. We decline the request to do so and dismiss this appeal sua sponte. Shupack v. Allstate Insurance Co., 356 So.2d 1298 (Fla. 3d DCA 1978). APPEAL DISMISSED.
MINER and WEBSTER, JJ„ concur.

. That rule provides in pertinent part:
(3) Review of non-final orders of lower tribunals is limited to those which:
[[Image here]]
(C) determine:
******
(iv) the issue of liability in favor of a party seeking affirmative relief; ....