UPCHURCH, Chief Judge.
James Barlow was the plaintiff below in an action brought under the Fair Labor Standards Act. Health Enterprises appeals a final judgment rendered for Barlow. Barlow cross appeals, contending the trial court erred in submitting the issue of liquidated damages to the jury. We conclude there was ample evidence to support the verdict of the jury; however, we find that the issue of liquidated damages should not have been submitted to the jury.
The Fair Labor Standards Act provides in part that any employer who violates its provisions shall be liable for such legal or equitable relief as may be appropriate, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). The Portal to Portal Act of 1947 provides relief from the mandatory imposition of liquidated damages as follows:
Liquidated damages
In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.
29 U.S.C. § 260.
Since an award of liquidated damages is left to the sound discretion of the court, it is to be granted or denied by the court, as *298 opposed to the jury. McClanahan v. Mathews, 440 F.2d 320 (6th Cir.1971); Martin v. Detroit Marine Terminals, Inc., 189 F.Supp. 579 (E.D.Mich.1960).
Here the jury found that Barlow was entitled to liquidated damages in the amount of $4,039.10. We reverse this award and remand the issue of liquidated damages to the trial court for its determination.
AFFIRMED in part; REVERSED and REMANDED in part.
COWART, J., and GREEN, O.L., Associate Judge, concur.