PER CURIAM.
Once again we reverse a summary judgment because the moving party failed to disprove opposing affirmative defenses or establish that they were insufficient as a matter of law. See Haven Federal Savings & Loan Association v. Kirian, 579 So.2d 730 (Fla.1991); Martin v. Lacertosa, 545 So.2d 526 (Fla. 4th DCA 1989); Lunken v. Glatter, 451 So.2d 970 (Fla. 4th DCA 1984); Allstate Insurance Co. v. Arvida Corp., 421 So.2d 741 (Fla. 4th DCA 1982); Esteban v. Cordoba, 398 So.2d 481 (Fla. 4th DCA 1981); and Bunner v. Florida Coast Bank of Coral Springs, 390 So.2d 126 (Fla. 4th DCA 1980).
Here, Barbella has merely denied the affirmative defenses, and her affidavit supported only the allegations in her complaint without addressing the defenses. Her challenges on appeal to the legal sufficiency of the defenses were never made to the trial court, and we cannot consider them for first time on appeal. The Race Inc. v. Lake & River Recreational Properties Inc., 573 So.2d 409 (Fla. 1st DCA1991). We have no way of knowing whether she has conclusively refuted these defenses. Pandol Brothers Inc. v. NCNB National Bank of Florida, 450 So.2d 592 (Fla. 4th DCA1984).
REVERSED.
LETTS, DELL and FARMER, JJ., concur.