678 So.2d 920 (1996)
FLORIDA DEPARTMENT OF AGRICULTURE, etc., et al., Appellants,
v.
GO BUNGEE, INC., Bungee Junction, Inc., et al., Appellees.
No. 95-2996.
District Court of Appeal of Florida, Fifth District.
August 30, 1996.
William N. Graham, Florida Department of Agriculture and Consumer Services, Tallahassee, for Appellants.
Gordon H. Harris, G. Robertson Dilg and Kent L. Hipp of Gray, Harris & Robinson, P.A., Orlando, for Appellees.
W. SHARP, Judge.
The Florida Department of Agriculture ("Department") appeals from an order granting *921 partial summary judgment[1] on count IV of Go Bungee, Inc.,'s complaint for inverse condemnation. The court determined liability on the part of the Department, that a "taking" of property had occurred as a matter of law, but did not determine the amount of damages. We reverse.
In rendering its order in favor of Go Bungee, the trial court did not make any fact findings or rule on any of the affirmative defenses raised by the Department. [2] Rule 1.510(d),[3] which pertains to partial summary judgments, requires that the court "shall thereupon make an order specifying the facts that appear without controversy." Failure to make specific findings has been held to be a departure from the essential requirements of law. See Webb v. Peoples First Financial Savings & Loan Ass'n., 597 So.2d 404 (Fla. 1st DCA 1992); Pointer Oil Co. v. Butler Aviation of Miami, Inc., 293 So.2d 389 (Fla. 3d DCA 1974); Weiner v. Moreno, 271 So.2d 217 (Fla. 3d DCA 1973).
The Department pled at least four affirmative defenses applicable to the inverse condemnation count, but none were apparently considered by the trial court. Failure to address affirmative defenses prior to granting partial summary judgment constitutes error. Board of Trustees of Internal Improvement Trust Fund v. Schindler, 604 So.2d 569 (Fla. 2d DCA 1992); Howdeshell v. First National Bank of Clearwater, 369 So.2d 432, 433 (Fla. 2d DCA 1979). Once an affirmative defense is raised, the movant has the burden of either disproving it or establishing the legal insufficiency of the affirmative defense. Wilson v. Pruette, 422 So.2d 351, 352 (Fla. 2d DCA 1982). It is not clear to us how any of the Department's defenses were shown to be legally insufficient as a matter of law.
We reverse because of the failure to make specific fact findings, and the apparent failure to consider affirmative defenses. We remand to the trial court for further proceedings, consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, J., concurs.
GRIFFIN, J., concurs specially with opinion.
GRIFFIN, Judge, concurring specially.
I would specifically like to go on record to say that a summary judgment which rules that a "taking" has occurred but does not identify what has been "taken" is missing a critical component. Given the facts in this case, such a finding is especially critical in order that we may accomplish an effective review of an order determining liability for a claim of inverse condemnation.
NOTES
[1] We have jurisdiction of this nonfinal appeal under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).
[2] The four affirmative defenses to inverse condemnation pled by the Department follow:

EIGHTEENTH AFFIRMATIVE DEFENSE
45. Plaintiffs were not denied "all" beneficial use of their property and therefore no claim for inverse condemnation exists.
NINETEENTH AFFIRMATIVE DEFENSE
46. The facts alleged by Plaintiffs do not constitute a taking and therefore no claim for inverse condemnation lies.
TWENTIETH AFFIRMATIVE DEFENSE
47. The plaintiffs fail to concede the propriety of agency rules and/or conduct and therefore cannot maintain an action for inverse condemnation.
TWENTY-FIRST AFFIRMATIVE DEFENSE
48. No action exists against the Defendant, BOB CRAWFORD, for inverse condemnation.
[3] Rule 1.510(d) provides:

Case Not Fully Adjudicated on Motion. On motion under this rule, if judgment is not rendered upon the whole case or for all the relief asked and a trial or the taking of testimony at a final hearing is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall ascertain, if practicable, what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. On the trial of final hearing of the action the facts so specified shall be deemed established, and the trial of final hearing shall be conducted accordingly.