PER CURIAM.
We affirm the final judgment, entered in favor of the appellee, and agree with the trial court’s well-reasoned opinion on all issues. First, the appellee lawfully retook possession of the leased premises upon the appellant’s abandonment, as defined by the terms of the parties’ commercial lease. See Rodeway Inns of Am. v. Alpaugh, 390 So.2d 370, 372 (Fla. 2d DCA 1980)(lease provisions may override statutory protections for tenants in event of rent delinquency).
In addition, the appellee’s damage award was not excessive since the trial court gave the appellant credit for any future rents received by the appellee during the remainder of the lease term. See Hudson Pest Control, Inc. v. Westford Asset Management, Inc., 622 So.2d 546, 549 (Fla. 5th DCA 1993); Jimmy Hall’s Morningside, Inc. v. Blackburn & Peck Enters., Inc., 235 So.2d 344, 345-46 (Fla. 2d DCA 1970).
Finally, the appellee’s improper use of the prejudgment writ of replevin to detain the furniture, rather than a distress writ, did not preclude her from enforcing her statutory landlord’s lien. These writs are both issued for the purpose of obtaining and securing possession of claimed property, see McMurrain v. Fason, 584 So.2d 1027, 1030 (Fla. 1st DCA 1991); §§ 78.068(2), 83.12, Fla. Stat. (1995), and have similar procedural requirements for enforcement and dissolution. See §§ 78.068(3), (4), 83.12, 83.14, Fla. Stat. (1995). Thus, the appellee’s error did not bar her equitable right to satisfy her judgment for unpaid rent under these circumstances. See Perry v. Benson, 94 So.2d 819, 821 (Fla.1957). The appellee was also entitled to use distress proceedings to recover rents due under the terms of the lease’s acceleration clause. See Dobbs v. Petko, 207 So.2d 11, 13 (Fla. 4th DCA 1968).
AFFIRMED.
GLICKSTEIN, DELL and WARNER, JJ., concur.