727 So.2d 296 (1999)
Barbara E. O'BRIEN, Appellant,
v.
FEDERAL TRUST BANK, F.S.B., Appellee.
No. 97-2523.
District Court of Appeal of Florida, Fifth District.
February 12, 1999.
Rehearing Denied March 15, 1999.
*297 David L. Fleming, Pensacola, for Appellant.
Eli H. Subin of Holland & Knight, LLP, Orlando, for Appellee.
THOMPSON, J.
Barbara E. O'Brien timely appeals from a summary final judgment of foreclosure. She contends that the court erred in denying her leave to amend her answer and counterclaim, and in entering summary judgment of foreclosure for Federal Trust Bank. We reverse.
O'Brien sought leave to amend her answer to FTB's foreclosure complaint, and to file an omitted counterclaim and third-party complaint alleging a federal RICO[1] violation. FTB replied that the RICO claim was barred by the statute of limitations, and that, based on actions in the federal district and bankruptcy courts, it was also barred by res judicata and collateral estoppel. Apparently agreeing, the court entered final summary judgment against O'Brien.
Because it must be determined whether O'Brien is barred by res judicata due to prior federal court judgments, federal principles of claim preclusion apply. Dalbon v. Women's Specialty Retailing Group, 674 So.2d 799 (Fla. 4th DCA 1996); Baxas Howell Mobley, Inc. v. BP Oil Co., 630 So.2d 207 (Fla. 3d DCA 1993). Those principles require that: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties in both suits are identical; and (4) the causes of action in both suits are the same. Dalbon; Baxas Howell Mobley.
The federal court's dismissal of O'Brien's RICO claim with prejudice did not preclude her from bringing the claim in state court. That court ruled the RICO claim was a compulsory counterclaim to FTB's pending foreclosure action against O'Brien, and therefore, she could not maintain an independent RICO action in federal court. See Puff 'N Stuff of Winter Park, Inc. v. Federal Trust Bank, F.S.B., 945 F.Supp. 1523 (M.D.Fla. 1996), aff'd, 129 F.3d 616 (11th Cir.1997). In other words, she could only bring the claim in state court where there was a case pending against her. The dismissal of O'Brien's claim with prejudice was thus not a final judgment on the merits. Therefore, under federal principles, her counterclaim is not barred by res judicata.
Further, O'Brien's claim is not barred by a bankruptcy case involving O'Brien's daughter and son-in-law, the Deitels. As stated above, federal claim preclusion requires *298 identity of the parties. O'Brien was not a party to, and did not participate in, the bankruptcy proceedings. See In re Justice Oaks II, Ltd., 898 F.2d 1544, 1551 (11th Cir.) ("[O]ne who participates in a chapter 11 plan confirmation proceeding becomes a party to that proceeding even if never formally named as such."), cert. denied, 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990).
We also hold that O'Brien's claim is not precluded by Puff 'N Stuff of Winter Park, Inc. v. Bell, 683 So.2d 1176 (Fla. 5th DCA 1996). Collateral estoppel prevents relitigation of issues where the identical issues previously have been litigated between the parties or their privies. Stogniew v. McQueen, 656 So.2d 917 (Fla.1995); Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla. 1984). To be in privity with a party to the prior litigation, "one must have an interest in the action such that she will be bound by the final judgment as if she were a party." Stogniew, 656 So.2d at 920. Although FTB was a party to Bell as a counter-defendant in the trial court and as an appellee before this court, O'Brien was not a party, nor would the final judgment bind her. Although the holding in Bell may, as legal precedent, affect O'Brien's ability to base her RICO claim on oral promises made to her, she did not have an interest in Bell as to render her bound by the judgment and to put her in privity with the Dietels and their corporation.
Regarding the statute of limitations, the four-year statute of limitation on federal RICO actions, which is borrowed from the Clayton Act, see 15 U.S.C. § 15b, Agency Holding Corp. v. Malley-Duff & Assoc., Inc., 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987), begins to run when a plaintiff discovers or reasonably should have discovered the existence and source of injury, and that the injury is part of a pattern, see Bivens Gardens Office Bldg., Inc. v. Barnett Bank of Florida, Inc., 906 F.2d 1546 (11th Cir.1990), cert. denied, 500 U.S. 910, 111 S.Ct. 1695, 114 L.Ed.2d 89 (1991). Even if barred as an independent action by the statute of limitations, a claim may be asserted defensively as a counterclaim for recoupment or setoff. Allie v. Ionata, 503 So.2d 1237 (Fla.1987); Willoughby v. Dowda and Fields, Chartered, 643 So.2d 1098 (Fla. 5th DCA 1994) (on rehearing); Johnson v. Allen, Knudsen, DeBoest, Edwards & Rhodes, P.A., 621 So.2d 507 (Fla. 2d DCA 1993); Evans v. Parker, 440 So.2d 640 (Fla. 1st DCA 1983).
We do not agree with FTB that 15 U.S.C. § 15b is a statute of repose within the reasoning of Beach v. Great Western Bank, 692 So.2d 146 (Fla.1997). The Clayton Act, from which RICO borrows its limitation period, bars actions "unless commenced within four years after the cause of action accrued." 15 U.S.C. § 15b (emphasis added). Under Beach this is clearly the language of a statute of limitations, not a statute of a repose, because it "establishe[s] a time period within which the action must be brought measured from the point in time when the cause of action accrued," rather than "preclud[ing] a right of action after a specified time."
O'Brien also sought to add the defenses of "estoppel based upon [FTB's] agreement to release the mortgage incident to the replacement SBA loan made by Bay Bank in April, 1992, and laches based upon [FTB's] delays in enforcement of the mortgage...." We do not agree with FTB that O'Brien waived the defense of estoppel. Although she may have agreed that resolution of the issues in the federal case would resolve them in the state case, the federal court neither addressed nor resolved FTB's alleged promise to release the mortgage. On the other hand, we see no abuse of discretion in the trial court's denial of her request to add laches as a defense.
Finally, O'Brien challenges the summary judgment with respect to her defenses of fraud and duress. Based on the foregoing, those defenses are not barred by res judicata or collateral estoppel. FTB's burden, as the party moving for summary judgment, was either to establish the legal insufficiency of O'Brien's affirmative defenses or to disprove them. Florida Dept. of Agriculture v. Go Bungee, Inc., 678 So.2d 920 (Fla. 5th DCA 1996). FTB made no attempt to disprove the defenses, and, having failed to establish legal insufficiency, was not entitled to summary judgment. We note that O'Brien has established *299 no error in the court's denial of leave to file a third-party complaint.
Accordingly, we reverse the final summary judgment, and remand for further proceedings.
REVERSED and REMANDED with instructions.
GRIFFIN, C.J. and HARRIS, J., concur.
NOTES
[1] 18 U.S.C. §§ 1961-1965.