PER CURIAM.
Bernard Wendt challenges the trial court’s order granting summary judgment on the issue of liability in favor of Edward and Ruth Laske and the class they represent. We reverse because Mr. Wendt raised affirmative defenses which were not properly addressed in the trial court’s summary judgment order.
The Laskes, individually and on behalf of similarly situated individuals, sued Mr. Wendt alleging that securities which he sold to them were not properly registered, and that the presentations and documents provided by him contained false statements of material fact. Mr. Wendt answered the complaint generally denying liability and asserting several affirmative defenses including a statute of limitations defense. Soon thereafter the Laskes filed a motion for summary judgment. The trial court granted the motion, ruling that Mr. Wendt had “not submitted an affidavit or expert opinion to contest the actual allegations or opinions set forth in plaintiffs motion.” The trial court later entered judgment on the issue of liability in favor of the Laskes and reserved ruling on the issue of damages. This appeal followed.
The sole issue on appeal is whether the trial court properly ruled upon Mr. Wendt’s affirmative defenses. We conclude that the court’s summary judgment order fails to adequately address the viability of all of the affirmative defenses raised and that the court improperly placed the burden on Mr. Wendt to prove his defenses. To that end, the law in Florida places the burden on the plaintiff to conclusively demonstrate the absence of any genuine issue regarding the viability of the defendant’s affirmative defenses. See City of Miami v. Gates, 393 So.2d 586 (Fla. 3d DCA), rev. denied, 402 So.2d 608 (Fla.1981); see also Fasano v. Hicks, 667 So.2d 1033 (Fla. 2d DCA 1996).
*1126 Accordingly, we reverse the summary judgment entered in favor of the Laskes and remand this matter to the trial court with instructions that the court rule on the legal sufficiency of Mr. Wendt’s affirmative defenses.
REVERSED and REMANDED.
DAUKSCH, COBB and W. SHARP, JJ„ concur.