854 So.2d 784 (2003)
STOP & SHOPPE MART, INC., Petitioner,
v.
Zahra MEHDI, Respondent.
No. 5D03-1090.
District Court of Appeal of Florida, Fifth District.
September 5, 2003.
*785 Carol Swanson of the Law Offices of Carol Swanson, Orlando, for Petitioner.
Thomas E. Mooney of Meyers, Mooney, Stanley & Colvin, Orlando, for Respondent.
PER CURIAM.
Petitioner, Stop & Shoppe Mart, Inc., (Stop & Shoppe), seeks certiorari review of a decision of the circuit court, while sitting in its appellate capacity, affirming the county court's final summary judgment in favor of Respondent, Zahra Mehdi.
Mehdi sued Stop & Shoppe in county court for overtime pay plus interest under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (hereinafter "the Act."). Mehdi's complaint alleged that Stop & Shoppe willfully violated the Act by failing to pay her time and a half for overtime. Stop & Shoppe denied the allegation and raised several affirmative defenses, including expiration of the statute of limitations and good faith compliance with the Act.
Mehdi moved for summary judgment, with a supporting affidavit alleging that Stop & Shoppe had agreed to pay her time and a half for work over 40 hours, but failed to do so from the date of her employment, on December 30, 1998, to the date of her termination, on October 12, 2000. Mehdi attached an exhibit to the affidavit that listed the hours she worked in each week. Stop & Shoppe responded with its own affidavit, which asserted that Mehdi's conduct was inconsistent with her own affidavit since she had calculated and prepared her own paychecks, yet, had never paid herself any overtime. The county court entered summary judgment for Mehdi, finding that no record evidence existed, showing that Stop & Shoppe's failure to pay overtime was in good faith or that its violation of the Fair Labor Standards Act was in good faith and predicated on reasonable grounds. The county court then awarded damages to Mehdi for approximately two and a half years of unpaid overtime compensation and liquidated damages, totaling $13,771.82, plus attorney's fees and costs.
Stop & Shoppe appealed the final judgment of the county court to the circuit court, arguing that Mehdi did not provide proof of willfulness on the part of Stop & Shoppe, as required by the Act, and, in the absence of willfulness, the applicable statute of limitations under the Act is two years. The circuit court rejected Stop & Shoppe's argument, finding that Stop & Shoppe's violation was willful and that the county court correctly applied the three-year statute of limitations because Stop & Shoppe had failed to meet its burden of proving a genuine issue of material fact by not filing an opposing affidavit supporting *786 its defense of expiration of the statute of limitations.
Stop & Shoppe contends: (1) that the circuit court failed to apply the correct applicable statute of limitations; (2) that an employee has two years within which to sue for unpaid overtime compensation, unless the employee proves that the employer's conduct is willful, in which case a three year statute of limitations applies; (3) that Mehdi's affidavit was not sufficient to meet the burden of proving willfulness on its part. We agree.
The Portal-to-Portal Pay Act provides that an action for unpaid overtime compensation or liquidated damages under the Fair Labor Standards Act must be commenced within two years after the cause of action accrued or the action is forever barred, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). In McLaughlin v. Richland Shoe Co., 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988), the United States Supreme Court rejected the prevailing interpretation of the exception which held that willfulness merely requires that the employer knew that the Act was "in the picture," and held that the employee must prove that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute. See also Gilligan v. City of Emporia, Kansas, 986 F.2d 410 (10th Cir. 1993).
The circuit court found that because Mehdi alleged in her affidavit that Stop & Shoppe advised her that she would receive time and a half for overtime, such an allegation establishes Stop & Shoppe's knowledge of the requirement to pay overtime. The circuit court then concluded, Stop & Shoppe's violation was willful and in the absence of any counter affidavit, Stop & Shoppe had failed to meet its burden of proving that there was a genuine issue of material fact on the issue of the statute of limitations.
It is well established that the burden of proving the absence of a genuine issue of material fact is on the moving party and until that burden is met, the opposing party is under no obligation to show that any issue exists to be tried. See, e.g., Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966). The movant has the burden of conclusively proving the non-existence of a genuine issue of material fact and that proof must overcome all reasonable inferences which may be drawn in favor of the opposing party. See, e.g., Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000); Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 643 (Fla.1999); Lawrence v. Pep Boys Manny Moe & Jack, Inc., 842 So.2d 303, 304-305 (Fla. 5th DCA 2003). Furthermore, the moving party must disprove the affirmative defenses or establish that they are insufficient as a matter of law. See, e.g., Haven Fed. Sav. & Loan Ass'n v. Kirian, 579 So.2d 730, 733 (Fla.1991); O'Brien v. Fed. Trust Bank, F.S.B., 727 So.2d 296 (Fla. 5th DCA 1999); Hosp. Correspondence Corp. v. McRae, 682 So.2d 1177 (Fla. 5th DCA 1996); Fla. Dep't. of Agric. v. Go Bungee, Inc., 678 So.2d 920 (Fla. 5th DCA 1996); Gray v. Union Planters Nat. Bank, 654 So.2d 1288 (Fla. 3d DCA 1995); Elkins v. Barbella, 603 So.2d 726 (Fla. 4th DCA 1992). Where the movant merely denies the affirmative defenses and the affidavit in support of summary judgment only supports the allegations of the complaint and does not address the affirmative defenses, the burden of disproving the affirmative defenses has not been met. See, e.g., Elkins, supra; Campagna v. Dicus, 606 So.2d 1278 (Fla. 2d DCA 1992); Emile v. First Nat'l Bank *787 of Miami, 126 So.2d 305 (Fla. 3d DCA 1961). Here, Mehdi has merely denied the affirmative defenses and has not conclusively proven the non-existence of a genuine issue of material fact; that is, she has not established that the affirmative defense of expiration of the statute of limitations is insufficient as a matter of law.
The test for determining whether an employer's actions were willful under the Act is set forth in 29 C.F.R. § 578.3(c). An employer's violation of the Act is deemed willful where the employer knew its conduct was prohibited by the Act or showed reckless disregard for the requirements of the Act. According to 29 C.F.R. § 578.3(c)(2), the employer's conduct is deemed knowing if the employer has received advice from a responsible official of the Wage and Hour Division to the effect that its conduct was not lawful. An employer's conduct is considered to be in reckless disregard of the Act if the employer should have inquired further into whether its conduct was in compliance with the Act, and failed to make adequate further inquiry. 29 C.F.R. § 578.3(c)(3).
The simple allegation of "willfulness" in the unsworn complaint was insufficient to overcome the denial in the answer. See, e.g., Feinman v. City of Jacksonville, 356 So.2d 50 (Fla. 1st DCA 1978); Daeda v. Blue Cross & Blue Shield of Florida, Inc., 698 So.2d 617 (Fla. 2d DCA 1997) (only competent evidence may be considered when ruling on summary judgment motion). The circuit court departed from the essential requirements of law when it failed to reverse the county court judgment that ignored Stop & Shoppe's affirmative defenses. See, e.g., Wendt v. Laske, 760 So.2d 1125 (Fla. 5th DCA 2000), (reversing a summary judgment where affirmative defenses were raised which were not addressed in the trial court's order); Fla. Dep't. of Agric. v. Go Bungee, Inc., 678 So.2d at 921, (holding that the trial court's failure to address affirmative defenses before granting summary judgment was error); see also, Bd. of Trustees of Internal Imp. Trust Fund v. Schindler, 604 So.2d 569 (Fla. 2d DCA 1992) (error for court to grant summary judgment without addressing affirmative defenses). When a movant for summary judgment fails to meet its burden, it is unnecessary for the opposing party to file an affidavit in opposition. See Delandro v. America's Mortg. Servicing, Inc., 674 So.2d 184 (Fla. 3d DCA 1996). As explained in Emile, 126 So.2d at 306, until some evidentiary matter was presented attacking the affirmative defenses, the opposing party has no obligation to submit affidavits or proof to establish its affirmative defenses. In the instant case, the circuit court failed to apply the correct law when it shifted the burden to Stop & Shoppe.
Stop & Shoppe also raised the affirmative defense of good faith compliance with the Act, but the circuit court once again failed to apply the correct law when it failed to place the burden of proof on Mehdi. The circuit court erroneously affirmed the award of liquidated damages based solely on Mehdi's allegations in her affidavit while summarily rejecting Stop & Shoppe's affirmative defense of good faith.
The Portal-to-Portal Pay Act, 29 U.S.C. § 260, provides that in an action for overtime compensation or liquidated damages under the Act, the employer must show to the satisfaction of the court that the act or omission was in good faith and that the employer had reasonable grounds for believing that his act or omission was not a violation of the Act. If the employer meets that burden, the court, in its discretion, may deny liquidated damages or award an amount smaller than the maximum allowed. See also, Health Enterprises *788 of Florida v. Barlow, 512 So.2d 297 (Fla. 5th DCA 1987). It is the employer's burden to establish by the preponderance of evidence at trial that it is entitled to the good faith exemption. See, e.g., Dybach v. State of Fla. Dept. of Corrections, 942 F.2d 1562, 1566 n. 5 (11th Cir.1991); Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir.1987). However, prior to trial, the burden is on the movant seeking summary judgment to disprove the affirmative defenses raised by the opposing party.
Dybach explains that good faith presents a mixed question of fact and law and has both subjective and objective components. Dybach, 942 F.2d at 1562. At trial, an employer would have the burden of showing that it had an honest intention to ascertain what the Act required and acted accordingly. See also Cahill v. City of New Brunswick, 99 F.Supp.2d 464 (D.N.J., 2000); Nash v. Resources, Inc., 982 F.Supp. 1427 (D.Or.1997). However, the movant seeking summary judgment must disprove such a possibility. Although Mehdi alleged in her affidavit that Stop & Shoppe agreed to pay her overtime, that allegation is insufficient to conclusively refute Stop & Shoppe's affirmative defenses on summary judgment. Further, there is no evidence that Stop & Shoppe failed to make inquiry or was advised by the Wage and Hour Division that its conduct was unlawful.
We grant the petition for writ of certiorari, quash the circuit court's affirmance of the county court's award of summary judgment in favor of Mehdi and remand to the circuit court for further proceedings.
Petition GRANTED, Order QUASHED.
PETERSON, ORFINGER and TORPY, JJ., concur.