GRIFFIN, J.
Appellant, Helping Hand Private Foundation [“Helping Hand”], appeals a summary final judgment entered in a lien foreclosure action filed by Appellee, Ocean Palms Beach Club [“Ocean Palms”]. Helping Hand contends that summary judgment was not proper because the summary judgment motion and supporting affidavits were deficient and genuine issues of material fact preclude entry of judgment as a matter of law. Ocean Palms has not filed an answer brief. We reverse.
Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fla. R. Civ. P. 1.510(c); see also Alejandre v. Deutsche Bank Trust Co. Americas, 44 So.3d 1288, 1289 (Fla. 4th DCA 2010). Where, as in this case, affirmative defenses are raised, the mov-ant has the burden of either disproving them or establishing their legal insufficiency. See O’Brien v. Fed. Trust Bank, F.S.B., 727 So.2d 296, 298 (Fla. 5th DCA 1999); Fla. Dep’t of Agric. v. Go Bungee, Inc., 678 So.2d 920, 921 (Fla. 5th DCA 1996). Here, Ocean Palms did neither. The affidavit executed by Ocean Palms’ president, Edward Polonsky, was insufficient to refute Helping Hand’s asserted defenses. See Frost v. Regions Bank, 15 So.3d 905 (Fla. 4th DCA 2009). Moreover, supporting affidavits are required to be “made on personal knowledge, ... set forth such facts as would be admissible in evidence, and ... show affirmatively that the affiant is competent to testify to the matters stated therein.” Fla. R. Civ. P. 1.510(e). The Polonsky affidavit does not meet this test.
This case is very similar to Helping Hand Private Foundation, Inc. v. Ocean Palms Beach Club, Inc., 71 So.3d 201 (Fla. 5th DCA 2011), where we reversed a summary judgment involving the same parties on similar grounds. Accordingly, we reverse the judgment and remand to the trial court.
REVERSED and REMANDED.
TORPY and LAWSON, JJ., concur.