SAWAYA, J.
The issue we must resolve is whether the trial court erred in entering two summary judgment orders and the resulting Final Judgment of Foreclosure against Bertha Sanchez when numerous affirmative defenses and counterclaims filed by her were not properly considered by the trial court. Those judgments emanate from what began as a simple breach of contract and lien foreclosure case filed by Soleil Builders, Inc. after Bertha and her husband failed to pay Soleil Builders for remodeling work it performed on a commercial building Sanchez originally claimed to own.[1]
*253 A detailed rendition of the facts and circumstances of this case is not necessary to resolve the issue we address. Suffice it to say that Soleil Builders was hired by Sanchez to remodel a restaurant in Cocoa, Florida, to bring it up to the City’s code. Sanchez terminated Soleil Builders upon its submission of an invoice seeking a total of $64,113.15, which Sanchez claimed was well above the amount called for under the provisions of the written contract. Hence Sanchez paid all but $23,827.37, which is the amount shown on the Claim of Lien Soleil Builders filed on the property.
Soleil Builders filed a Complaint against Sanchez seeking to recover the $23,827.37 owed under the contract. Count I sought to foreclose a construction lien on the real property, Count II alleged a breach of contract, and Count III asserted a claim for libel and slander (Count III was later dropped). The Complaint was met with various iterations of an answer, numerous affirmative defenses, and numerous counterclaims included in the initial Answer and culminating in the Third Amended Answer filed by Sanchez.
Soleil Builders filed a Motion for Summary Final Judgment. Several months later, the parties convened for the hearing on the Motion, which resulted in a Partial Summary Final Judgment in favor of So-leil Builders for the total amount it sought. This judgment is the first reference to Soleil Builders’ motion as having sought only a partial summary judgment: the court reserved jurisdiction to determine pre-judgment interest and attorney’s fees and “all issues that remain pending before the Court, including deciding the issues raised in the counterclaim filed by the SANCHEZES.” Sanchez subsequently filed for rehearing of the Partial Summary Final Judgment, contending, among other things, that her affirmative defenses had not been considered at the hearing; Sanchez wanted her defenses heard and the counterclaims considered. Sanchez argued that since Soleil Builders had failed to refute her affirmative defenses or address the counterclaims, summary judgment was improper. Shortly thereafter, Soleil Builders filed its Motion for Summary Final Judgment on Sanchez’s counterclaims.
The trial court denied the Motion for Rehearing and the parties convened once again, this time for a hearing to determine whether summary judgment should be entered on the affirmative defenses and counterclaims. Remarkably, Soleil Builders essentially contended that the issues raised in the affirmative defenses and counterclaims had been resolved in the Partial Summary Final Judgment when the court found in favor of Soleil Builders for the total sum it had sought. The trial court entered a Final Summary Judgment on all affirmative defenses and counterclaims without comment. Sanchez moved for rehearing, which was denied, and the trial court rendered its Final Judgment of Foreclosure, awarding a principal amount of $21,304.01, prejudgment interest of $3,706.89, attorney’s fees of $38,275.81, and costs of $1,257.81, for a total judgment of $64,544.52.
Sanchez appeals, arguing that the two summary judgments and the Final Judgment of Foreclosure entered in favor of Soleil Builders must be reversed because the matters that were asserted in her affirmative defenses and counterclaims were not properly considered. We agree.
*254 A troubling aspect of this case is the bifurcation of the claims raised in the Complaint from those asserted in Sanchez’s affirmative defenses. The record does not provide any clue as to how it came to pass that the court rendered only a partial summary final judgment when there was nothing in Soleil Builders’ Motion that would have restricted its Motion to only the counts of its Complaint. Nothing occurred at the summary judgment hearing that suggested that it was agreed or understood that only the claims of the Complaint would be decided and, given the interwoven nature of all of the issues in the Complaint and affirmative defenses, they all should have been decided before summary judgment was entered. It is well settled that, “[i]n order to be entitled to summary judgment as a matter of law, the party seeking summary judgment must not only establish that no genuine issues of material fact exist as to the party’s claims but must also either factually refute the affirmative defenses or establish that they are legally insufficient.” Jones v. State ex rel. City of Winter Haven, 870 So.2d 52, 55 (Fla. 2d DCA 2003) (citations omitted); see also Kimmick v. U.S. Bank Nat’l Ass’n, 83 So.3d 877, 879 (Fla. 4th DCA 2012); Stop & Shoppe Mart, Inc. v. Mehd% 854 So.2d 784, 786 (Fla. 5th DCA 2003) (“Furthermore, the moving party must disprove the affirmative defenses or establish that they are insufficient as a matter of law. Where the movant merely denies the affirmative defenses and the affidavit in support of summary judgment only supports the allegations of the complaint and does not address the affirmative defenses, the burden of disproving the affirmative defenses has not been met.” (citations omitted)). The entry of summary judgment where affirmative defenses are extant is error. Stop & Shoppe Mart, Inc., 854 So.2d at 787; Wendt v. Laske, 760 So.2d 1125 (Fla. 5th DCA 2000), (reversing summary judgment where affirmative defenses were raised that were not addressed in trial court’s order); Fla. Dep’t of Agrie, v. Go Bungee, Inc., 678 So.2d 920, 921 (Fla. 5th DCA 1996) (holding trial court’s failure to address affirmative defenses before granting summary judgment was error).
As for the counterclaims, the trial court was required to consider them to determine if no genuine issue of material fact exists and if the moving party is entitled to a judgment as a matter of law. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000); see also Fleming v. Peoples First Fin. Sav. & Loan Ass’% 667 So.2d 273, 274 (Fla. 1st DCA 1995) (“In seeking summary judgment as to Fleming’s counterclaims, Peoples presented evidence of the lack of any genuine issue of material fact with respect to the counterclaims. Fleming failed to demonstrate the existence of issues of fact by countervailing evidence.”), review denied, 669 So.2d 250 (Fla.1996). Here, the trial court did not make that determination.
The problem in entering the Partial Summary Final Judgment and leaving for another day the issues raised in the affirmative defenses and counterclaims was made all the more apparent when Soleil Builders used the entry of the Partial Summary Final Judgment to successfully argue at the subsequent hearing that the affirmative defenses and counterclaims had already been decided adversely to Sanchez. In short, the case below was a muddle and reversal is required because of the error that occurred when the trial court entered the two summary judgments without properly addressing the issues raised by the affirmative defenses and counterclaims filed by Sanchez. Accordingly, the judgments under review are re *255 versed and this case is remanded for further proceedings.
REVERSED and REMANDED.
LAWSON and BERGER, JJ., concur.

. Bertha's husband, Miguel, although a party initially, died during the proceedings and no estate was opened for him. Reference to “Sanchez” hereafter includes Bertha individually and her deceased husband until the date of his death. An issue raised by Sanchez is the trial court’s refusal to consider an affidavit executed by Miguel prior to his death in opposition to the first Motion for Summary Final Judgment filed by Soleil Builders. We will not address that issue in detail other than to say that his affidavit was properly sworn and was proper for consideration by the trial court.
Consolidated with this appeal is that of International Restaurants Corporation (IRC), a company wholly owned by Bertha Sanchez, which is appealing the Final Judgment of Foreclosure on the basis that because it, not Bertha, owns the real property on which the lien attached, it should have been permitted to intervene in the lien foreclosure proceeding below. The trial court ruled that the Motion to Intervene was filed too late in the proceedings, as it was filed well after the summary judgment hearings had concluded. Because we reverse the two summary judgments and Judgment of Foreclosure, the timeliness issue *253 is rendered moot and the motion may be decided on the merits during the proceedings on remand.