PALMER, J.
Bo Lewis Gomes and Katherine Leith Birr, the homeowners, appeal the trial court’s order entering a judgment of foreclosure in favor of Federal National Mortgage Association. Determining that the trial court erred by entering final summary judgment when genuine issues of material fact existed in the record, we reverse.
This appeal arises out of a foreclosure action originally filed by SunTrust Mortgage, Inc. Although SunTrust was the original owner of the note and mortgage, when the foreclosure action was filed, Sun-Trust alleged that Fannie Mae owned the note and mortgage. SunTrust further alleged that it was the holder of the note and the servicer of the underlying loan. In the answer, the homeowners generally denied all of the pertinent allegations against them and asserted twelve affirmative defenses. In their fifth affirmative defense, the homeowners alleged that Fannie Mae did not possess standing to file the foreclosure action. In moving for summary judgment, Fannie Mae did not establish that it was the owner or holder of the note at the time the complaint was filed. In their seventh affirmative defense, the homeowners alleged that “Plaintiff and/or its assigns had received payments from Defendants which it has failed to post to Defendants’ account and improperly made and/or received payments on Defendants’ behalf, which it has failed to post to Defendant’s account.” In moving for summary judgment, Fannie Mae did not refute this defense.
“Where the movant merely denies the affirmative defenses and the affidavit in support of summary judgment only supports the allegations of the complaint and does not address the affirmative defenses, the burden of disproving the affirmative defenses has not been met.” Stop & Shoppe Mart, Inc. v. Mehdi, 854 So.2d 784, 786-87 (Fla. 5th DCA 2003).
Because genuine issues of material fact exist as to (1) whether Fannie Mae possessed standing at the time the foreclosure complaint was filed, and (2) whether certain payments tendered by the homeowners were properly credited to their account, the trial court’s entry of final summary judgment was improper.
REVERSED.
SAWAYA and BERGER, JJ., concur.