IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

T-QUIP OF FLORIDA, INC.,

      Appellant,

 v.                                      Case No.  5D15-3517

EDWARD C. TIETIG AND
TODD UDELSON,

      Appellees.

_____/

Opinion filed December 9, 2016

Appeal from the Circuit Court
for Brevard County,
George W. Maxwell, III, Judge.

Douglas D. Marks, of Boyd & Marks,
L.L.C., Melbourne, for Appellant.

Mark Tietig, of Tietig & Tietig, P.A.,
Merritt Island, for Appellee, Edward
C. Tietig.

No Appearance for Appellee,
Todd Udelson.

LAMBERT, J.

      T-Quip of Florida, Inc., ("Appellant") appeals the final summary judgment awarding

Edward C. Tietig ("Appellee") damages just over $1.33 million, with the bulk of the

judgment being an award of punitive damages.  Because Appellee failed to negate the

affirmative defenses pleaded or to otherwise show how they were legally insufficient and, as to the one cause of action to which no answer was filed, failed to conclusively negate every defense that might have been presented in the answer, we reverse.

Appellee filed suit, alleging the following three causes of action: (1) fraud based upon violations of section 713.31(2), Florida Statutes (2009); (2) slander of title; and (3) abuse of process. Appellant filed separate answers to the first two causes of action and a renewed motion to dismiss the third cause of action. Appellant's counsel was later granted leave to withdraw, and the motion to dismiss was never called up for hearing or otherwise addressed by the trial court. Appellee thereafter filed a motion for final summary judgment, and in support of the motion, filed a sworn declaration pursuant to section 92.525, Florida Statutes (2015), as to the factual allegations set forth in his complaint. No other summary judgment evidence was filed in support of the motion nor were affidavits filed by Appellant in opposition to the motion. Additionally, neither the motion nor the declaration addressed the affirmative defenses raised by Appellant. Following a hearing, that Appellant did not attend, the court rendered the final summary judgment now on appeal.

The standard of review of a trial court's entry of a final summary judgment is de novo. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). The standards for granting summary judgment applicable in this case are familiar. The party moving for summary judgment has the burden of conclusively proving the nonexistence of any genuine issue of material fact. *Stop & Shoppe Mart, Inc. v. Mehdi*, 854 So. 2d 784, 786 (Fla. 5th DCA 2003) (citations omitted). "[U]nless the moving party conclusively establishes, as a matter of law and fact, its entitlement to the summary

2

judgment, the opposing party is not required to file a counter-affidavit to defeat the motion." *Haynes v. Arman*, 192 So. 3d 546, 548–49 (Fla. 5th DCA 2016) (citing *Lindsey v. Cadence Bank, N.A.,* 135 So. 3d 1164, 1167 (Fla. 1st DCA 2014)). The moving party must also disprove the affirmative defenses or establish that they are insufficient as a matter of law. *Mehdi*, 854 So. 2d at 786 (citations omitted). Finally, "[a] party opposing a motion for summary judgment has no initial obligation to submit affidavits or proof to establish its affirmative defenses." *Colon v. JP Morgan Chase Bank, NA*, 162 So. 3d 195, 198 (Fla. 5th DCA 2015) (citing *Medhi*, 854 So. 2d at 786).

Here, Appellee's sworn declaration in support of summary judgment only supports the allegations of the complaint. "Where the movant merely denies the affirmative defenses and the affidavit in support of summary judgment only supports the allegations of the complaint and does not address the affirmative defenses, the burden of disproving the affirmative defenses has not been met." *Medhi*, 854 So. 2d at 786-87 (citations omitted).[1] Thus, Appellee did not meet his burden of conclusively disproving the affirmative defenses or otherwise demonstrating their legal insufficiency.

Finally, at the time of the summary judgment hearing, Appellant had not filed an answer to the third cause of action for abuse of process. Appellant had filed a renewed motion to dismiss count three, asserting that Appellee failed to allege or plead sufficient ultimate facts to properly state a cause of action for abuse of process. As previously stated, neither party called up for hearing Appellant's renewed motion to dismiss count

---

[1] Appellee did not file a reply to Appellant's affirmative defenses. Thus, the affirmative defenses are deemed denied. *See Reno v. Adventist Health Sys./Sun-Belt, Inc.*, 516 So. 2d 63, 65 (Fla. 2d DCA 1987) ("[P]laintiff's failure to file a reply to the affirmative defense had the effect of denying the allegations of the defense.").

three of Appellee's complaint. Furthermore, Appellant had not withdrawn the motion, nor had the court separately ruled on the motion prior to the hearing on Appellee's motion for final summary judgment. As such, because the court had not addressed the renewed motion to dismiss, Appellant was not yet obligated to file an answer to count three.

While Florida Rule of Civil Procedure 1.510(a) permits the filing of a motion for summary judgment before an answer has been filed, under such circumstances, the party moving for summary judgment has an "'unusually heavy' burden to conclusively negate every defense that might be presented in the answer." *Greene v. Lifestyle Builders of Orlando, Inc.*, 985 So. 2d 588, 589 (Fla. 5th DCA 2008) (citations omitted). We find that Appellee did not meet this heavy burden.

Accordingly, we reverse the final summary judgment and remand for further proceedings.

REVERSED and REMANDED.

COHEN and WALLIS, JJ., concur.

4