IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

GENUINELY LOVING CHILDCARE, LLC,
ALLYSON M. GEGGATT AND NICOL E. ROCCI,

      Appellants,

v.                                  Case No.  5D15-4168

BRE MARINER CONWAY CROSSINGS, LLC,

      Appellee.

_____/

Opinion filed January 13, 2017

Appeal from the Circuit Court
for Orange County,
Margaret H. Schreiber, Judge.

Benjamin S. Boutty, of The Boutty Law
Firm, P.A., Winter Park, and James W.
Markel, of James Wayland Markel, P.A.,
Winter Park, for Appellants.

Meghan O. Serrano, Jaime Austrich and
Duane A Daiker, of Shumaker, Loop, &
Kendrick, LLP, Tampa, for Appellee.


PER CURIAM.

      Genuinely Loving Childcare, LLC (Tenant) and its joint owners, Allyson M. Geggatt

and Nicol E. Rocci (Guarantors), appeal the final summary judgment rendered by the trial

court in favor of Bre Mariner Conway Crossings, LLC (Landlord), which enforced a

commercial lease by granting Landlord possession of the premises and damages for past

and future rent. We affirm, in part, and reverse, in part. Although the trial court properly granted Landlord summary judgment on the issue of possession of the premises, its grant of summary judgment on the issue of Tenant's liability for past and future rent was erroneous as Landlord has failed to conclusively negate or demonstrate the legal insufficiency of four of Tenant's affirmative defenses, wherein a genuine issue of material fact exists as to the element of foreseeability.

Tenant and Landlord executed a five-year commercial lease for two store spaces, consisting of 2800 square feet, in the Conway Crossings Shopping Center in Orlando, Florida. Simultaneously, Geggatt and Rocci executed personal guarantees of the lease. Section 5.01 of the lease stated that Tenant could use the premises "solely for the purpose of the operation of a child day care center" for up to thirty-five children between the ages of six weeks and five years. Tenant was required to comply "with all applicable government codes and licensing requirements." Sections 2.01(b) and 2.01(c) of the lease limited the leased premises to indoor areas, and section 22.11 of the lease required Tenant to use its best efforts to keep the children inside the premises and prevent them from loitering outside in the common areas of the shopping center.

In Florida, the operation of a child care center that cares for more than five children requires a license from the Department of Children and Families (Department) that is subject to annual renewal. §§ 402.308(1), 402.312(1), Fla. Stat. (2013). The Legislature has set minimum standards for licensure, including that the child care center have at least forty-five square feet of outdoor play space per child, which must be fenced and free of various hazards. § 402.305(6)(b), Fla. Stat. (2013); Fla. Admin. Code R. 65C-22.002(4) (2013). Drop-in childcare centers and urban child care centers are exempt from the

2

outdoor play space requirement. §§ 402.302(6), 402.305(5), (6)(b), (14), Fla. Stat. (2013); Fla. Admin. Code 64C-22.002(4)(g) (2013). The urban child care center designation, which permits the substitution of indoor play space for outdoor play space, requires written documentation from the local governing body that the area where the child care center is located has been declared urban, and consultation with the Department to verify that outdoor play space does not exist adjacent to the facility and cannot be added to the premises. Fla. Admin. Code R. 65C-22.001(1)(e)1. (2013). The Department may issue a provisional license of six months duration, renewable only once, if the child care center does not meet all of the minimum standards. § 402.309(1), (3), Fla. Stat. (2013).

In her affidavit opposing summary judgment, Rocci stated that a lease was required before Tenant could apply for a license from the Department to operate the child care center. Rocci noted that Tenant informed Landlord it was unwilling to sign the lease until it had assurances from the Department it would receive the urban designation. Rocci asserted that Tenant received written documentation from Orange County that the geographical area was urban, consulted with the Department about the unavailability of outdoor play space on the premises, and was granted the urban designation by the Department before signing the lease.

According to Rocci's affidavit, Tenant applied for the child care center license on December 9, 2013. In January 2014, the Department denied Tenant a permanent license because it did not believe the child care center was in an urban area, but it approved a provisional license with the understanding that outdoor play space would be needed for a permanent license. Tenant opened the child care center on the premises in February

3

2014. According to Rocci, Tenant notified Landlord in June 2014 that it would vacate the premises if it could not obtain a permanent license. Tenant abandoned the premises in February 2015, only one year into the five-year commercial lease, when its provisional license to operate a child care center on the leased premises expired and no further renewals were permitted by law. See § 402.309(3), Fla. Stat. (2013).

The entry of summary judgment by a trial court is reviewed de novo. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). "A movant is entitled to summary judgment 'if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Taylor v. Bayview Loan Servicing, LLC, 74 So. 3d 1115, 1116-17 (Fla. 2d DCA 2011) (quoting Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr., 928 So. 2d 1272, 1274 (Fla. 2d DCA 2006)). The burden is on the party moving for summary judgment to demonstrate the absence of any genuine issues of material fact. See, e.g., Holl v. Talcott, 191 So. 2d 40, 43-44 (Fla. 1966) (citing Humphrys v. Jarrell, 104 So. 2d 404 (Fla. 2d DCA 1958)). The summary judgment evidence must be taken in the light most favorable to the non-moving party. See Sierra v. Shevin, 767 So. 2d 524, 525 (Fla. 3d DCA 2000) (citing Walsingham v. Dockery, 671 So. 2d 166 (Fla. 1st DCA 1996)).

In addition to showing there is no genuine issue of material fact, the moving party also has the further burden of factually refuting any affirmative defenses raised by the non-moving party or establishing that they are legally insufficient. See T-Quip of Fla., Inc. v. Tietig, 41 Fla. L. Weekly D2740 (Fla. 5th DCA Dec. 9, 2016); Taylor, 74 So. 3d at 1116-

4

17. Tenant raised six affirmative defenses in its answer. Landlord did not file a reply, waiving avoidance of Tenant's affirmative defenses, and thus, they were deemed denied. See Fla. R. Civ. P. 1.100(a); Frisbie v. Carolina Cas. Ins. Co., 162 So. 3d 1079, 1080-81 (Fla. 5th DCA 2015) (quoting Lazar v. Allen, 347 So. 2d 457, 458 (Fla. 2d DCA 1977)); Burton v. Linotype Co., 556 So. 2d 1126, 1128 (Fla. 3d DCA 1989) (citing Moore Meats, Inc. v. Strawn, 313 So. 2d 660, 661-62 (Fla. 1975)). When affirmative defenses are denied rather than avoided, an affidavit may still refute the affirmative defense, but the affidavit is insufficient to do so when it merely supports the allegations in the complaint and fails to address the affirmative defenses. Stop & Shoppe Mart, Inc. v. Mehdi, 854 So. 2d 784, 786-87 (Fla. 5th DCA 2003) (citing Elkins v. Barbella, 603 So. 2d 726 (Fla. 4th DCA 1992)).

Landlord's affidavit and its argumentation in its motion for summary judgment did not conclusively refute Tenant's affirmative defenses of impossibility, impracticality, frustration of purpose, and commercial frustration of purpose. See Mehdi, 854 So. 2d at 786-87 (citing Elkins, 603 So. 2d at 726); see also Tietig, 41 Fla. L. Weekly D2740-D2741. The common thread between these four affirmative defenses is foreseeability at the inception of the lease. See Shore Inv. Co. v. Hotel Trinidad, Inc., 29 So. 2d 696, 697 (Fla. 1947) (citing Ellwood v. Nutex Oil Co., 148 S.W.2d 862 (Tex. Civ. App. 1941)); Restatement (Second) of Contracts § 266 (Am. Law Inst. 1981). If a risk was foreseeable at the inception of the lease, then there exists an inference that the risk was either allocated by the contract or was assumed by the party. See Am. Aviation, Inc. v. Aero-Flight Serv., Inc., 712 So. 2d 809, 810 (Fla. 4th DCA 1998) (citing City of Miami Beach v. Championship Sports, Inc., 200 So. 2d 583 (Fla. 3d DCA 1967)). Generally, foreseeability

5

in the context of contractual defenses is an issue of fact precluding summary judgment. See Walter T. Embry, Inc. v. LaSalle Nat'l Bank, 792 So. 2d 567, 570 (Fla. 4th DCA 2001) (finding that foreseeability was a question of fact precluding summary judgment in the context of an impossibility defense to the enforcement of a contract); F & B Ceco, Inc. of Fla. v. Galaxy Studios, Inc., 201 So. 2d 597, 598 (Fla. 3d DCA 1967) ("[I]f men could reasonably differ over the objective facts concerning whether appellant should have foreseen appellee's loss, then the issue should be left to the jury.").

Landlord argues that Tenant's affirmative defenses are legally insufficient because the risk Tenant would not obtain a license was foreseen and allocated by the lease to Tenant. However, the provisions of the lease do not explicitly allocate the risk that the Department would deny Tenant the urban designation and, consequently, a permanent license without outdoor play space. Additionally, Landlord's affidavit in support of summary judgment did not address the intent of the parties to the lease as to the allocation of the risk. See Mehdi, 854 So. 2d at 786-87. In contrast, Rocci's affidavit states that Tenant was granted the urban designation by the Department before signing the lease, and Landlord was aware that Tenant was unwilling to sign the lease due to the lack of outdoor play space without assurances Tenant would receive the urban designation from the Department.

Based on Rocci's undisputed statements in her affidavit opposing summary judgment, there remains a genuine issue of material fact as to whether it was foreseeable at the inception of the lease that the Department would deny Tenant the urban designation and require outdoor play space for licensure. Accordingly, we reverse the final summary judgment entered by the trial court and remand for further proceedings to the extent that

6

it held Tenant liable for damages for past and future rent due.  We affirm the entry of summary judgment to the extent that it awarded possession of the premises to Landlord based on Tenant's abandonment.  See 159 E. Inc. v. Margolis, 702 So. 2d 286, 287 (Fla. 4th DCA 1997) (citing Rodeway Inns of Am. v. Alpaugh, 390 So. 2d 370, 372 (Fla. 2d DCA 1980)).[1]

AFFIRMED, in part, REVERSED, in part, and REMANDED.

PALMER, EVANDER and BERGER, JJ., concur.

---

[1] Tenant also argues that there were genuine issues of material fact as to the date Tenant abandoned the premises and the method Landlord used to calculate the damages.  Contrary to Tenant's assertions, there was no genuine issue of material fact as to these issues.  The difference between the dates of abandonment alleged by Tenant and Landlord is so slight that the issue is not material, and Tenant did not offer any facts challenging Landlord's calculation of damages.