IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PENTON BUSINESS MEDIA HOLDINGS, LLC
F/K/A PRISM BUSINESS MEDIA, INC.,

      Appellant,

 v.                                  Case No.  5D16-3935

ORANGE COUNTY, FLORIDA, AFX SPECIAL
EFFECTS, INC. D/B/A ART F/X AND ULTRATEC
SPECIAL EFFECTS, INC.,

      Appellees.

_____/

Opinion filed January 26, 2018

Appeal from the Circuit Court
for Orange County,
Lisa T. Munyon, Judge.

G. William Bissett, Jr, of Kubicki Draper,
PA, Miami, for Appellant.

Jeffrey J. Newton, County Attorney and
William C. Turner, Jr. Assistant County
Attorney,  of Orange County Attorney's
Office, Orlando, for Appellee Orange
County Florida.

No appearance for Appellees AFX Special
Effects, Inc. and Ultratec Special Effects,
Inc.

LAMBERT, J.

      Appellant, Penton Business Media Holdings, LLC ("Penton"), appeals the final

summary judgment awarding damages in favor of appellee, Orange County, Florida

("County"), on the sole count of breach of the lease agreement entered into between the parties. Although we do not necessarily agree with the one aspect of the trial court's analysis finding that Penton is liable to County based upon the breach of an allegedly implied covenant that the court concluded was running with the land, we otherwise affirm the final judgment determining liability in favor of County without further discussion. However, we reverse the judgment on the issue of damages because genuine issues of material fact remain.

Penton entered into a lease agreement with County to lease certain premises located at the Orange County Convention Center for the purpose of hosting a trade show. Penton agreed to be responsible for damage to the premises caused by Penton or its "employees, agents or guests" during the term of the lease. Penton invited and secured sponsors and exhibitors to appear at its trade show. One of its exhibitors advised Penton that it desired to perform a flame effect demonstration at the trade show. This exhibitor was required to perform a pre-trade-show test of its flame effect devices before being allowed to display the flame effect demonstration in front of the general public. During this pre-show demonstration, County's fire safety sprinklers activated, causing extensive water damage to that portion of the leased premises.

In one of its affirmative defenses, Penton alleged that County's damages to its property were either "created or enhanced" by its failing to shut down or disengage the sprinkler system as soon as reasonably possible. Although this defense is sometimes mistakenly identified as invoking a "duty to mitigate," the defense is actually based on the doctrine of avoidable consequences, which simply "prevents a party from recovering those damages inflicted by a wrongdoer that the injured party *could have* reasonably

2

avoided." *Sys. Components Corp. v. Fla. Dep't of Transp.*, 14 So. 3d 967, 982 (Fla. 2009) (quoting The Florida Bar, *Florida Civil Practice Damages* § 2.43, at 2-30 (6th ed. 2005)). This doctrine does not reduce damages "based on what 'could have been avoided' through Herculean efforts." *Id.* (citing *Thompson v. Fla. Drum Co.*, 651 So. 2d 180, 182 (Fla. 1st DCA 1995)). Instead, a plaintiff is responsible only for those damages that it could have avoided had it exercised "ordinary and reasonable care." *Id.*

As the party moving for summary judgment, County bears the burden of establishing that, based on the "pleadings, depositions, answers to interrogatories, admissions, affidavits, and other material as would be admissible in evidence on file," there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. *Genuinely Loving Childcare, LLC v. Bre Mariner Conway Crossings, LLC*, 209 So. 3d 622, 624 (Fla. 5th DCA 2017) (quoting *Taylor v. Bayview Loan Servicing, LLC*, 74 So. 3d 1115, 1116-17 (Fla. 2d DCA 2011)). Summary judgment evidence must be considered in the light most favorable to the non-moving party, *id.* at 625 (citing *Sierra v. Shevin*, 767 So. 2d 524, 525 (Fla. 3d DCA 2000)), and if the record raises the possibility of any genuine issue of material fact or "even the slightest doubt that an issue might exist," summary judgment is improper. *Lin v. Demings*, 219 So. 3d 124, 125 (Fla. 5th DCA 2017); *accord Snyder v. Cheezem Dev. Corp.*, 373 So. 2d 719, 720 (Fla. 2d DCA 1979). In ruling on a summary judgment motion, the trial court may not weigh the evidence or determine the credibility of witnesses. *Lin*, 219 So. 3d at 125 (citing *Jones v. Stoutenburgh*, 91 So. 2d 299, 302 (Fla. 1956)). Finally, "[t]he moving party must also disprove the affirmative defenses or establish that they are insufficient as a matter of law."

*T-Quip of Fla.*, *Inc. v. Tietig*, 207 So. 3d 958, 960 (Fla. 5th DCA 2016) (citing *Stop & Shoppe Mart, Inc. v. Mehdi*, 854 So. 2d 784, 786 (Fla. 5th DCA 2003)).

We apply a *de novo* standard of review to the final summary judgment. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). Having reviewed the record, including the transcript of the summary judgment hearing, and applying the aforementioned familiar standards, we conclude that County has not conclusively refuted Penton's affirmative defense that County failed to exercise ordinary and reasonable care in disconnecting the sprinkler system and that if it had done so, the water damage incurred by County could have been avoided. Accordingly, we reverse that part of the final summary judgment awarding damages and remand to the trial court for further proceedings consistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.


SAWAYA and EVANDER, JJ., concur.

4