HARRIS, J.
Coachwood Colony MHP, LLC ("Coachwood") timely appeals a final summary judgment entered in favor of Kironi, LLC ("Kironi"), granting permanent injunctive relief. Coachwood argues that the trial court erred in granting summary judgment because it failed to consider the conduct of both Coachwood and Kironi in applying the "reasonable use" rule and failed to consider Coachwood's affirmative defenses. We agree and reverse.
This is a dispute between two neighboring landowners. Kironi owns and operates a commercial storage business, while Coachwood owns and operates a residential mobile home property. Coachwood is the adjacent upper landowner to Kironi's lower property. In its complaint, Kironi alleged that around June 2009, it discovered a washout on its property from the discharge of water, sand, and debris from the Coachwood property after heavy rain. Kironi argued that the discharge from the Coachwood property adversely affected its property due to increased water flow, constituted a continuing nuisance, and interfered with the use and enjoyment of its property. Kironi sought damages and permanent injunctive relief.
Coachwood filed its answer, denying the allegations and raising, among others, the affirmative defense of comparative negligence. Coachwood alleged that Kironi was careless and negligent in the development, construction, design, engineering, and maintenance of its premises, and that such carelessness and negligence was the sole proximate cause of its damages. Coachwood further alleged that the use of its property was reasonable and, therefore, Kironi was barred from recovery.
Extensive discovery revealed the following material and undisputed facts: Coachwood's stormwater drainage traveled across Kironi's property ending in Kironi's retention areas. The water carried with it sand and other debris and caused Kironi to spend time cleaning the washout material *265 each time it occurred. At some point, Kironi placed two-by-twelve boards as well as grass seed, topsoil, sand bags, concrete blocks, and erosion control plants on its property to minimize the effects of the discharge.
After each side completed its discovery, competing motions for summary judgment were filed. Kironi's motion relied on the affidavit and deposition testimony of its expert, who concluded that Coachwood's use of its property, with respect to water diversion, was unreasonable. The expert made no attempt to analyze the reasonableness of Kironi's own attempts to control the water runoff across its property.
At the conclusion of the hearing, the trial court granted Kironi's motion for summary judgment, finding as a matter of law that the diversion of water from Coachwood's property to Kironi's was unreasonable. A final judgment was entered, granting Kironi permanent injunctive relief and ordering Coachwood to significantly re-engineer and reconstruct its stormwater system. However, the trial court failed to compare or analyze the conduct of each landowner, bypassing the factual analysis mandated under the "reasonable use" rule announced in Westland Skating Center, Inc. v. Gus Machado Buick, Inc., 542 So.2d 959, 963 (Fla. 1989) ("Use your property in such a manner as not to injure that of another.") (citations omitted).
As in this case, Westland involved two properties in which there was surface water naturally flowing from the higher elevation property to the lower elevation property. Id. at 959. A car dealership was built on the lower land and a skating center was built on the upper land. Id. During heavy rain fall, water traveled downward into the car dealership, which caused damage to the cars, notwithstanding the skating center's compliance with applicable building codes. Id. The dealership constructed an eight-foot-high, two-foot-deep wall to stop the flow of water from the higher land property. Id. Soon thereafter, the skating center began noticing that its wooden skating floor had significant water intrusion damage and that the floor was rising as surface water was accumulating behind the wall during heavy rainfall. Id. The skating center filed an action against the car dealership for damages and for a mandatory injunction to remove the wall, and obtained a partial summary judgment in its favor. Id. On review, the Florida Supreme Court held:
The principle that an upper landowner enjoys an easement across the lower tract for all naturally occurring surface water continues to apply to land in its natural state. However, when any party improves his land, thereby causing surface waters to damage his neighbor's property, the reasonable use rule shall be applied in order to settle the controversy. The rule applies not only in cases involving the conduct of the upper owner but also to improvements by the lower owner, such as the construction of dams designed to protect against the natural flow of surface waters across the lower land. Regardless of whether a counterclaim has been filed when both parties have made improvements, the reasonableness of the conduct of each will be in issue and may be compared in order to arrive at a fair determination.
Id. at 963 (citations omitted). The Westland court reversed the trial court's order granting partial summary judgment because the trial court failed to consider the reasonableness of the upland property owner's conduct. Id. at 964.
Like in Westland, here too, flooding occurred from the upland property to the lower property and the low land property owner attempted to divert the water by using various methods to stop the flow *266 of discharge onto its property. Also as in Westland, the court in the instant case did not consider the reasonableness of the actions of both property owners, but instead relied heavily on the deposition of Kironi's expert witness. The expert witness never analyzed Kironi's own drainage system to see whether it was adequate, nor did it consider Kironi's actions in diverting water using cinder blocks, wood boards, or top soil outlined in its expert's report. Because the trial court failed to consider the reasonableness of Kironi's conduct, a material issue of fact remained, precluding summary judgment.
Coachwood also correctly argues that the trial court erred by not considering its affirmative defense of comparative negligence. The evidence Kironi relied on was wholly insufficient to disprove Coachwood's affirmative defense of comparative fault. At the summary judgment hearing, Kironi merely argued that the trial court must grant summary judgment because Coachwood did not have an expert to prove comparative negligence. Kironi had the burden of disproving Coachwood's affirmative defense or establishing its legal insufficiency. See Helping Hand Private Found., Inc. v. Ocean Palms Beach Club, Inc., 77 So.3d 896, 897 (Fla. 5th DCA 2012) (holding that where affirmative defenses are raised, the movant for summary judgment has the burden of either disproving them or establishing their legal insufficiency). It did neither, and for this reason as well, summary judgment was improperly entered.
REVERSED and REMANDED.
COHEN and GROSSHANS, JJ., concur.